State of Louisiana vs. Jordan Horton.

---

## No. 8128.

STATE OF LOUISIANA VS. JORDAN HORTON.

33  289
48  431
48 1409

The accused is not entitled to a continuance on account of the absence of a witness summoned by the State.

A remark made by the judge about a witness of the State, before any of the jurors are called or empannelled, could not operate to the prejudice of the accused, and does not entitle him to a new trial.

The words of a person present during the commission of the offence, uttered at that moment, are admissible in evidence as part of the *res gestœ*.

APPEAL from the Twelfth Judicial District Court, parish of Avoyelles. *Barbin, J.*

*L. J. Ducoté* for Defendant and Appellant.

19

*J. C. Egan*, Attorney General, for the State, Appellee:

First—The court will not grant a motion for a delay of the trial of the case because of the absence of a State witness when the defendant has not summoned said witness, nor makes an affidavit that said witness is necessary to his defense, and what he expects to prove by the witness.

Second—That all which is said at the time of the commission of the crime is a part of the *res jestae*, and is good evidence.

The opinion of the Court was delivered by

LEVY, J. The defendant was indicted on the charge of burglarious breaking and entering, in the night time, a dwelling house, lawfully occupied, he being armed with a dangerous weapon, with intent to kill and murder.

He was found guilty by a jury and sentenced to hard labor in the State Penitentiary for the term of his natural life, and from the verdict and judgment thereon has appealed.

We find in the transcript two bills of exception, taken by the defendant to the rulings of the court *a qua*.

The first bill is directed to the ruling whereby the objection of defendant to go to trial, on account of the absence of a witness summoned by the State, who had never been summoned by the defendant; and further, to a remark or statement made by the judge a *quo* that said witness could be easily dispensed with by the State, as she had perjured herself on the preliminary trial, as the written evidence taken on said trial would show.

The defendant had no right to a postponement of the trial on account of the absence of a witness who had never been summoned in his behalf, and as to the materiality of whose testimony no affidavit was made.

The bill itself discloses that the remark of the judge was made before the jury had been called or empaneled. If the jury or any of its members had been empaneled the remark would probably have been calculated to operate to the prejudice of the defendant, but under the circumstances, we can see nothing to justify us in setting aside the verdict and judgment.

The second bill was taken to the admission of the testimony of two witnesses, who testified as follows: "They both stated the fact, that, when the burglary occurred, and at the time of the assault, or immediately after the assault was committed, on Auguste Johnson, they both heard Susan Burrell say "I know you Jordan Horton." Defendant contended that this was hearsay evidence and should not be received; and further that the court had stated before the trial that Susan Burrell had perjured herself. These objections were overruled; "because, *first*, all that was done or said at the time of the assault and burglary, done or

said by any one present, was a part of the '*res gestœ*' and was good evidence; *second*, whatever was remarked by the court, *before the trial*, about one of the State's witnesses, the defense could not complain of."

We find no error in any of these rulings. What was said or done, especially in the presence of the defendant at the time of the alleged commission of the offense, constitutes a part of the *res gestœ* and is admissible, it being mere proof of the fact that a certain thing was done, a certain occurrence took place, or a certain remark was made contemporaneously with the commission of the act charged.

Here, the fact of a declaration or exclamation being made at the time of the burglary and assault, in the presence of the accused, is all that the witnesses testified to; the truth or falsity thereof is not the question, and the testimony is only applicable to *rem ipsam*, as a contemporaneous fact forming part of the *res gestœ*, and as such is admissible, just as any other contemporaneous physical occurrence could be proven.

The judgment appealed from is affirmed with costs.