[Crim. No. 1262. Second Appellate District, Division Two.—March 19, 1926.]

THE PEOPLE, Respondent, v. T. H. HATFIELD, Appellant.

[1] CRIMINAL LAW—VIOLATION OF SECTION 337A, PENAL CODE—OCCUPATION OF ROOM WITH BOOKS, ETC., FOR REGISTERING BETS ON HORSE-RACES—EVIDENCE.—In this prosecution for a violation of section 337a of the Penal Code, the evidence was sufficient to justify defendant's conviction on the charge that he occupied a room with books, papers, and paraphernalia for registering bets and selling pools on horse-races.

[2] ID.—EVIDENCE—CORPUS DELICTI—ORDER OF PROOF.—While it is ordinarily the proper practice to establish the *corpus delicti* pre-

---

2. See 8 Cal. Jur. 235.

viously to offering evidence of admissions or confessions, a mere variation in the order of proof is not to be held as prejudicial to the defendant.

[3] ID.—SLIPS AND PAPERS FOUND IN DEFENDANT'S POSSESSION—ADMISSIBILITY OF.—In such prosecution, slips and papers found in the possession of defendant at the time of his arrest were admissible where the testimony of officers showed that they were such as were used for recording and registering purported bets upon the results of horse-races.

[4] ID.—ACQUITTAL ON OTHER CHARGES—EFFECT ON ADMISSION OF EXHIBITS.—In such prosecution, the fact that defendant was acquitted of having received and held money for bets and of recording bets does not alter the rule of evidence which permitted the admission of expert testimony as to the character of the slips and papers found in defendant's possession; and such expert testimony having been admitted without objection a sufficient foundation was laid for admission of the exhibits themselves.

[5] ID.—DIFFERENT OFFENSES—PLEADING—INFORMATION—DEMURRER—APPEAL.—In such prosecution, where the action charged defendant with having committed three offenses under different subdivisions of section 337a of the Penal Code, it cannot be said that the omission of the numbering of the charges or counts rendered the information so defective that the rights of the defendant were prejudiced thereby; and no demurrer having been interposed to the information it cannot be questioned on appeal.

(1) 16 C. J., p. 735, n. 41, 45, p. 736, n. 46; 27 C. J., p. 1037, n. 1, p. 1038, n. 7, p. 1039, n. 15. (2) 16 C. J., p. 737, n. 54, 55, p. 865, n. 90, 91. (3) 16 C. J., p. 617, n. 8, p. 618, n. 16, 17, 28. (4) 27 C. J., p. 1036, n. 88. (5) 17 C. J., p. 53, n. 90; 31 C. J., p. 743, n. 66 New.

APPEAL from a judgment of the Superior Court of San Diego County. E. A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

Cooper, Collings and Shreve for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CRAIG, J.—An information filed by the district attorney of San Diego County charged the appellant with having

3. See 12 Cal. Jur. 1092.

violated certain subdivisions of section 337a of the Penal Code, one of which prohibits the occupancy of a room or any part thereof "with a book or books, paper or papers, apparatus, device or paraphernalia, for the purpose of recording or registering any bet or bets, or any purported bet or bets, or of selling pools, or purported pools, upon the result, or purported result, of any trial, or purported trial, or contest, or purported contest, of skill, speed or power of endurance of man or beast," etc. The information consisted of three counts, alleging, respectively, the violation of subdivisions 2, 3, and 4 of said section, in that appellant maintained and occupied such a room with the books, papers, and paraphernalia for registering bets and selling pools on horse-races; that he received, held, and forwarded money to be staked and bet on the results of horse-races, and that he recorded and registered bets and wagers on the results of such contests. He was convicted upon the first count only, and appeals from the judgment upon several grounds.

The argument urged for reversal divides itself into two points: (1) That the *corpus delicti* was not proven independently of the admissions or confessions of the defendant, and (2) that such admissions or confessions were admitted in evidence before the *corpus delicti* had been shown or established.

It appears that appellant and a partner conducted a cigar-store in the city of San Diego, over which they maintained a club-room, which contained a dice counter or gambling table, a telephone and card tables and chairs. The first evidence offered by the prosecution was that of a police sergeant, who testified that on the afternoon of December 4, 1923, he entered the club-room conducted by appellant; that appellant and one Tubbs were then standing by the dice counter, where they had some small tickets and papers, which they were marking; that upon the approach of the officer appellant folded the tickets and papers, and a large sheet upon which were some markings, and held them down behind the counter. The officer testified that he took possession of these tickets and papers and arrested appellant, with the remark: "You know that you have been warned time and again about bookmaking, and I will have to take you down to the police station for bookmaking this time." He also swore that he retained possession of all such tickets

and papers until the preliminary examination, whereupon he identified them, and they were delivered into court upon the arraignment; they were identified by the witness at the trial and were then introduced and marked for identification.

Motion to exclude the statement of the officer, above quoted, was made and was denied by the court. The district attorney thereupon propounded the following question: "What, if anything, *further* did he say at that time?" Strenuous objections were made that "it is attempting to prove the *corpus delicti* by statements on the part of the defendant before any crime has been proven at all; attempts to prove the *corpus delicti* by statements, admissions or confessions of the defendant which are incompetent, irrelevant and immaterial at this time." Counsel for the people promised to connect it up later, and the objection was overruled; the trial court held that the statements might be considered in establishing the *corpus delicti;* that there must be some evidence at least to make a *prima facie* case without them, but that it was a question of order of proof, and if the *corpus delicti* should subsequently be established the statements might be considered. The witness was then permitted to testify that the defendant said: "Can't you let me off this time? I will promise you that I will not do this again. I have been taking bets here, but I won't do it again."

Another police officer who testified that he had about five years' experience with bookmaking paraphernalia as used in San Diego and at Tia Juana, Mexico, stated that he had observed their operation about every day or so during that time, and understood them. This witness testified that the slips marked for identification bore the name and number of the horse, and the odds on its chances to win races, and that such was the general method of bookmakers in registering and recording bets on horse-races; that the large sheet was a bookmaker's chart, bearing the name and position of each horse, the particular race, the weight each horse would carry, and the odds offered. A third witness identified the documents in the same manner, pointing out the names of horses, odds, initials of persons who had placed bets, and the results of various races. The papers and slips were introduced in evidence, and appear in the record be-

fore us. There were seventy-eight such slips, and a chart, as described by the witnesses, the latter bearing headings, "First Race, 6 Furlongs," "Second Race, 6 Furlongs," etc., to and including the "Seventh Race, Mile and Seventy Yards."

[1] We think there was ample evidence to warrant the jury in believing that appellant occupied a room with the alleged paraphernalia. It is objected that there was no evidence that he maintained the room for gain, hire, or reward, but the section in question specifically includes "Every person . . . who, whether for gain, hire, reward, or gratuitously, or otherwise," shall keep or occupy for any period of time a room for such purposes, and applies to "every person or persons who may do in a single instance any one of the acts specified." Appellant was not convicted of the offense of receiving wagers upon horse-races, nor of having recorded and registered them, but a thorough, careful review of the evidence, an exhaustive outline of which we have set forth, is manifestly convincing in its tendency to establish the fact that appellant was, when arrested, occupying a room with papers and paraphernalia for the purposes forbidden by the statute. And we should be equally impelled to deny a reversal upon this ground in the absence of appellant's alleged admission, since the witnesses positively testified as to the nature and purposes of the documents which were taken from the defendant when arrested, and they were not impeached, nor was their testimony denied.

Many authorities are cited which hold that a conviction cannot be had upon the extrajudicial admissions or confessions of a defendant unless corroborated by proof aliunde the *corpus delicti*. Of course, this is a correct statement of the law, but it does not aid appellant in this case.

Cases are also cited to the effect that extrajudicial statements should not be introduced until after the *corpus delicti* has been proven, and holding that "then and only then may the confession of the accused be used to show that he is the one committing it." (*People* v. *De Martini*, 50 Cal. App. 109, 113 [194 Pac. 506].) But in each of the cases mentioned the order of proof was not directly attacked. It was held that there was no evidence outside of the con-

fessions, except hearsay, and the supreme court, in *People* v. *Frey,* 165 Cal. 140, 145 [131 Pac. 127], said that without such other proof a conviction could not be sustained.

[2] It has repeatedly been held, however, that, while it is ordinarily the proper practice to establish the *corpus delicti* previously to offering evidence of admissions or confessions, "we are, however, not to be understood as holding that a mere variation in the order of proof would be prejudicial to the defendant. (*People* v. *Jones,* 123 Cal. 65 [55 Pac. 698]; *People* v. *Fallon,* 149 Cal. 287 [86 Pac. 689].)'' (*People* v. *Besold,* 154 Cal. 363, 368 [97 Pac. 871].) Other authorities announcing the same principle are: *People* v. *Ward,* 134 Cal. 301, 306 [66 Pac. 372]; *People* v. *Wilkins,* 158 Cal. 530, 535 [111 Pac. 612]; *People* v. *Saunders,* 13 Cal. App. 743, 747 [110 Pac. 825]; *People* v. *Barnovich,* 16 Cal. App. 427, 430 [117 Pac. 572]; *People* v. *Hinshaw,* 40 Cal. App. 672 [182 Pac. 59]).

[3] It is next insisted that the exhibits were not admissible because there was no evidence that appellant was using them for the purposes alleged in the information. We think there was strong circumstantial evidence of appellant's guilty connection with the exhibits in question, and it is not here material whether or not he was registering wagers thereon when apprehended. Appellant concedes that exhibits may be received in evidence if they tend to throw light upon the transaction and to prove the offense itself, and we therefore take his proper enunciation of the rule to be that if the exhibits inhibited by the statute were such as they were alleged to be, they were admissible. The jury must have believed the testimony of the officers, one of whom testified that the defendant was at the time of his arrest occupying the room, and then possessed, and apparently was attempting to conceal, the slips and papers used by gamblers for recording and registering purported bets upon the results of races or contests of speed of horses. These documents cast a convincing light upon the transaction, and constituted the major element of the offense charged. There is no merit in this contention.

[4] Another reason advanced to support the claim that the exhibits were inadmissible is the assertion that it was not shown that they were ever used in an unlawful manner or for unlawful purposes, and that until such showing was

made it was erroneous to receive expert testimony as to what they were. Appellant concedes that *People* v. *Hinkle,* 64 Cal. App. 375 [221 Pac. 693], has held that it is permissible for an officer to testify that certain exhibits were registers of bets. He attempts to differentiate this case from the one before us by calling attention to the fact that the defendant here was acquitted of having received and held money for bets and of recording bets. We fail to see how this fact alters the rule of evidence which permitted the admission of the testimony of an expert. We think the case of *People* v. *Hinkle* is controlling, and that further discussion of the point is unnecessary. However, it may be added that the record does not disclose that any objection was interposed to the testimony of the officers, hence their testimony having been admitted, a sufficient foundation was laid for admission of the exhibits themselves.

[5] The third point raised by appellant is that the information did not separately state the three offenses which he was charged with having committed. They were alleged in separate paragraphs, and it is said in the briefs that each was founded, respectively, upon subdivisions 2, 3, and 4, of section 337a of the Penal Code. We cannot say that the omission of the numbering of the charges or counts rendered the information so defective that the rights of the defendant were prejudiced thereby. At all events, no demurrer was interposed to the information, and it cannot be questioned here. (*People* v. *Gonzales,* 72 Cal. App. 626 [237 Pac. 812].)

The only remaining contention of appellant is that the evidence was not sufficient to justify the verdict. This point we have heretofore discussed, and having decided that it is untenable, it requires no further consideration.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.