[Crim. No. 3120. Second Appellate District, Division Two.—July 21, 1938.]

THE PEOPLE, Respondent, v. HENRY A. TUTTLE et al., Appellants.

Chotiner & Chotiner for Appellants.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendants were charged with the crime of violation of section 337a, subdivision 2, of the Penal Code, in that they ''did wilfully and unlawfully keep and occupy a room, . . . with . . . books, . . . and papers, apparatus, device and paraphernalia, for the purpose of recording and registering . . . bets on the skill, speed and power of endurance between beasts, to-wit horses''. At a trial before the court without a jury both defendants were found guilty. They prosecute this appeal from the order denying their motion for a new trial.

Defendants argue that the evidence is insufficient to justify the conviction. A police officer testified that on February 5, 1938, in a room of the building at 328 Doheny Drive, city of Los Angeles, he saw defendant McDonald standing in front of a table. Announcement of horse racing results was coming over a loud speaker. On the table there were sheets of paper known as overnight run sheets, particularly ''Official over night entry Louisiana Fair Grounds, Louisiana''. These sheets contained information on horse races and racing tracks throughout the United States. Near the table there were pigeon holes containing card records of wagers. The officer testified that he was familiar with the paraphernalia ordinarily found in establishments of book makers; that some of the cards contained ''markers''; that figures on some of the papers represented the horse, Just Hi, running in the second race at the Fair Grounds at Louisiana on February 5, 1938. The officer testified that he heard over the loud speaker the

results of a horse race in Florida. The officer gave further testimony concerning the markings on the cards indicating clearly that they were for use in making horse race wagers. In response to questions by the officer defendant McDonald stated that he had been operating the place about two days, that he had two boys working for him, one of whom was defendant Tuttle, who was paid $5 per day; that the betting markers dated February 5th were for bets on horses of that day and that he was booking those bets.

Defendant Tuttle was arrested while sitting in an automobile about sixty feet from the entrance to the building at 328 Doheny Drive. He had on the shelf of the car directly behind him two editions of the Pacific Daily Racing Form both dated February 5, and a national scratch sheet was lying beside him on the seat. He had a number of betting "markers" in his possession. The officer told Tuttle that he wanted to place a bet on the horse Star Flower. Tuttle took the officer's money, recorded the bet and gave a receipt. Tuttle told the officer that he was working for defendant McDonald and had been working for him about three days; that McDonald's office was "in that back room of that office, about sixty feet from there"; that when the bets were made that either he or someone else took them to McDonald, who kept track of the bets and brought the results to Tuttle.

The evidence is ample to justify the convictions. ■ Although it was incumbent upon the prosecution to prove that the room was kept for the purpose set forth in the code provision it was not necessary to make this proof by direct evidence. The intent with which the act was done may be gathered from all the circumstances shown in evidence. (*People* v. *McRoberts*, 1 Cal. App. 25 [81 Pac. 734]; *People* v. *Marshall*, 59 Cal. 386; *People* v. *Walker*, 15 Cal. App. 400 [114 Pac. 1009].) The condition of the room at the time of the arrest, the announcement of races coming over the loud speaker, the presence of racing sheets and racing forms on the table, the card record of bets and the presence of "markers" were all facts and circumstances which point directly to the conclusion that the room was occupied for the purposes charged in the information. These facts and the incriminating statements of the defendants justified the court in rendering the judgments from which the appeal is taken. (*People* v. *Sutherland*, 59 Cal. App. 462 [210 Pac. 965]; *People*

v. *Hatfield,* 77 Cal. App. 212 [246 Pac. 95] ; *People* v. *Hinkle,* 64 Cal. App. 375 [221 Pac. 693].) Defendant Tuttle aided and abetted in the commission of the crime. It is provided in section 971 of the Penal Code that "all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, shall hereafter be prosecuted, tried, and punished as principals, and no other facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal".

 Defendants contend that the trial court erred in admitting the statements of the two defendants made to the officers, claiming that the *corpus delicti* had not been established. It is not necessary for the prosecution to prove the *corpus delicti* beyond a reasonable doubt before receiving evidence of admissions or confessions. A *prima facie* showing only is necessary. (*People* v. *Black,* 111 Cal. App. 90, 97 [295 Pac. 87].) The trial court did not err in receiving the testimony concerning the statements of the defendants, nor did it err in receiving the testimony without a preliminary showing that the statements were freely and voluntarily made. The statements come under the classification of admissions. It is not necessary to make preliminary proof that admissions were voluntarily made. (*People* v. *Fowler,* 178 Cal. 657 [174 Pac. 892].)

The order denying the motion for a new trial is affirmed.

Crail, P. J., and McComb, J., concurred.