[Crim. No. 3118. Second Appellate District, Division Two.—July 21, 1938.]

THE PEOPLE, Respondent, v. EMIL PALUSO et al., Appellants.

Morris Lavine for Appellants.

U. S. Webb, Attorney-General, and Burdette J. Daniels, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendants were charged in an information with violation of section 337a, subdivision 2, of the Penal Code in that they unlawfully kept and occupied a room for the purpose of recording bets upon horse races. They were found guilty by the court and have appealed from the judgments of conviction.

The defendants contend that the evidence is insufficient to justify the convictions. A police officer testified that on February 18, 1938, he went to the building located at 7408 Sunset Boulevard in the city of Los Angeles and there found a barber shop located in the front portion of the building and in the rear of the barber shop was a large room. The officer tried to open the door to this room but found it locked. Defendant Stein came to the door and said to the officer, "I don't know your face". He then called defendant Allen and asked Allen if he knew the witness and Allen replied in the negative. Defendant Irvine was called and he stated to Stein that he knew the witness, whereupon Stein opened the door and the officer entered the room. He saw six overnight entry sheets for horse races fastened to a board in the center of the room; two national scratch sheets for horse racing dated February 18, 1938, upon a desk located in the room; also a Pacific Daily Racing Form upon a table. Defendants Allen and Paluso were seated at a desk in the room where the national scratch sheets were located. He saw a teleflash speaking machine being operated in the room and heard reports coming over the machine that Night Intruder was first in the second race and Paul Scarlet was second, the returns being from Hialeah Park horse racing track in Florida for the last race being run on that date. There were thirty or forty people in the room when he entered on the morning of February 18, 1938, and a larger num-

ber in the room on the afternoon of that day. The officer placed two bets with defendant Paluso, one in the morning and one in the afternoon. He saw defendant Irvine mark the results on a sheet posted on the wall as they came over the teleflash machine. The door was kept locked by defendant Stein who acted as doorkeeper and let people in as they arrived. In the afternoon the witness saw defendant Begno receiving money and "markers" for horse races from persons in the room. Manifestly, the evidence is ample to sustain the convictions. (*People* v. *Sutherland,* 59 Cal. App. 462 [210 Pac. 965]; *People* v. *Hatfield,* 77 Cal. App. 212 [246 Pac. 95]; *People* v. *Hinkle,* 64 Cal. App. 375 [221 Pac. 693].)

Defendants contend that section 337a of the Penal Code was repealed by the adoption of the "Horse Racing Act" of 1933 and by section 25a of article IV of the Constitution of California. The point has been decided adversely to the contention of defendants. (*People* v. *Wilson,* 19 Cal. App. (2d) 340 [65 Pac. (2d) 834]; *In re Goddard,* 24 Cal. App. (2d) 132 [74 Pac. (2d) 818]; *In re McKelvey,* 19 Cal. App. (2d) 94 [64 Pac. (2d) 1002].) Defendants further contend that the acts of which they are accused have been made lawful by the 1935 amendment of the "Horse Racing Act" of 1933, wherein it is provided: "A wager made inside an enclosure under the pari-mutuel system for a principal who is not within the enclosure shall be considered a wager made within the enclosure for the purpose of this act and any activity of the principal in connection with such wager shall not be considered a wager made outside the enclosure." *In the Matter of the Application of William Walker,* opinion filed June 30, 1938, 11 Cal. (2d) 464 [80 Pac. (2d) 990], the Supreme Court decided this point adversely to the contention of defendants.

The judgments are affirmed.

Crail, P. J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 27, 1938, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 18, 1938.