[Crim. No. 3254.   Second Appellate District, Division Two.—January 11, 1940.]

THE PEOPLE, Respondent, v. FRANK TEPPER, Appellant.

Joseph L. Fainer for Appellant.

Earl Warren, Attorney-General, Paul D. McCormick and Philip C. Jones, Deputies Attorney-General, for Respondent.

WOOD, J.—Defendant was charged by information with the crime of violation of subdivision 2 of section 337a of the Penal Code. At a trial before the court without a jury he was found guilty. He prosecutes this appeal from the judgment of conviction.

It is the contention of defendant that the evidence is insufficient to justify the conviction. By stipulation the case was submitted to the court upon a transcript of the evidence received at the preliminary examination. It appears from the transcript that the only witness testifying for the prosecution was J. F. Fitzpatrick, a police officer, who, according to the stipulation of the parties, is an expert in matters covered by the section of the code under which defendant was charged. Defendant did not testify and did not present any witnesses on his behalf. Officer Fitzpatrick testified that on March 23, 1939, at about 12:30 P. M. he went to the premises at 127 N. La Brea Street in the city of Los Angeles, a vacant store building. The front door was locked and the witness went to the rear entrance. On entering he observed defendant seated at a table and a colored man named Smallwood was standing close to him. The furniture in the place consisted of two tables and six or eight chairs. The transcript shows the following testimony of the witness: "A. Well, as I walked in the defendant was seated at the table at the far part of the store and I heard this one man say, 'One dollar to place on 409,' and when I got up there it was marked on this tab here in front of the defendant '409', and marked in the second column. I asked him what he was doing and he didn't answer my question. I said, 'You again?' He just looked at me. Q. You are referring to the top sheet of a pad you have here? A. Yes. Mr. Whichello: May that be marked A for identification? The Court: A for identification. Q. Which entry was it, that last one? A. Yes. I heard the colored man say that. Q. Is this a form with which

you are familiar as a result of your experience in book-making? A. Yes. Q. What is it used for? A. Recording bets. Q. What does this 'E' mean. A. That is the initial of the apparent bettor. Q. '409'? A. That is the number of the horse. Q. And the mark under the 'B' and '1'? A. Would be in the 'place' column. Q. A dollar on that horse to place? A. That is what it signifies. Q. Did you check that number against any of the other things found there? A. Yes, I checked it with the National Scratch Sheet. Q. Was that there also? A. It was. I found it to be a horse by the name of Radio Gold running in the first race at Oak-lawn Park.''

The witness further testified that a pencil was in the hand of defendant, he being the only person present who had a pencil in his hand. No other person was near defendant.

The evidence is sufficient to justify the conviction. Under subdivision 2 of section 337a it was necessary for the prosecution to prove that defendant kept or occupied a room, or part of a room with a book, paper, or paraphernalia for the purpose of recording or registering a bet upon the result of a horse race. The court was justified in concluding that defendant was occupying the vacant storeroom for the purposes prohibited by the section in question. There is no indication that the room was occupied for any purpose other than that of recording or registering bets. After the officer entered the room he heard Smallwood saying, "One dollar to place on 409." According to the officer's testimony no reasonable conclusion can be reached but that Smallwood was placing a bet on the horse represented by the number 409. Immediately thereafter the officer observed that the entry of this bet had been placed on the betting tab in front of defendant. Since defendant was the only person holding a pencil the only reasonable conclusion to be reached is that defendant had made the entry on the tab. The presence of the betting tab and the National Scratch Sheet completed the necessary proof to establish the guilt of defendant of the charge on which he was being tried. It was not necessary for the prosecution to establish by direct evidence the purpose for which the room was being occupied. The purpose in keeping the room could be gathered from all the surrounding circumstances shown in evidence. (*People* v. *Tuttle*, 27 Cal.

App. (2d) 647 [81 Pac. (2d) 571], and cases there cited.) The fact that the front door of the room was locked, the condition of the room at the time of defendant's arrest, and the presence of betting paraphernalia on the table are circumstances pointing directly to the conclusion that the storeroom was occupied for the purposes prohibited by the statute.

The judgment is affirmed.

Moore, P. J., concurred.

McComb, J., dissented.