[Crim. No. 3282.   Second Appellate District, Division One.—January 30, 1940.]

THE PEOPLE, Respondent, v. GERALD MANNING, Appellant.

Maurice A. Gleason for Appellant.

Earl Warren, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

WHITE, J.—By an information filed in the superior court appellant was charged with violation of subdivision 2 of section 337a of the Penal Code, which denounces as a crime,

among other things, the keeping or occupancy, for any period of time whatsoever, any room, tenement, etc., with books, papers, or other devices or paraphernalia for the purpose of recording or registering bets or wagers upon the result of any horse race. When the case was called for trial a jury was waived, and by stipulation the cause was submitted to the trial judge upon the transcript of the testimony adduced at the preliminary examination and the exhibits introduced thereat. Appellant was adjudged guilty, and from the judgment pronounced against him he prosecutes this appeal.

The pertinent facts are that on June 2, 1939, at about 11:30 o'clock in the morning, police officers forced open the door of a residence in the city of Los Angeles and found therein two persons, the defendant and his wife. On a table in the living room the officers found four telephones, and in the fireplace where the ashes are put were found certain paraphernalia denominated as betting markers and run-down sheets. There was also a National Scratch Sheet, which contained information concerning races to be run on that same day, June 2d. Also found in the room was a teleflash connected to the radio, although it was not in operation at the time the officers came in. Certain other paraphernalia testified to as being used in connection with the acceptance and recordation of bets on horse races was also found in the house. Following discovery of this paraphernalia, the officers had a talk with the defendant in which the latter stated that he had been working there about six months and that he took in about $400 or $500 worth of bets each day; that he was in business for himself.

It further appears from the transcript that a police officer was permitted without objection to testify that he was familiar with the paraphernalia in question; that it contained the names of horses that were racing on that day at various race tracks and also contained notations as to the amounts wagered and information as to whether the bet was placed for the horse to win or run second or third in the race. Illustrative of this type of testimony is the following:

"Q. Do you find the number '286' on that sheet? A. I do.

"Q. And is there a name set opposite to that number 286? A. There is.

"Q. What is the name? A. It is Tuley Rieslin.

"Q. What does that purport to be a name of? A. A horse.

"Q. Do you find the name of that horse on this National Scratch Sheet which is marked A for identification? A. I do.

"Q. Where? A. It is the fifth race at Delaware Park.

"Q. On what page of the scratch sheet, People's Exhibit A for identification, does that appear? A. On the third page.

"Q. About the middle of the column to the right on the third page? A. It is the second column to the left.

"Q. The column to the left on the third page? A. Yes.

"Q. The middle of the column? A. Yes sir."

Appellant contends that the evidence is insufficient to establish his guilt. This claim cannot be sustained. The character of the paraphernalia found on the premises, established by the testimony of the officer without objection, as above noted, coupled with the officer's testimony as to the use to which the same could be and in the instant case actually was being put, and the presence of the defendant and his wife alone on the premises, a residence, at 11:30 o'clock in the morning, all point unerringly to the conclusion that appellant had the paraphernalia in his possession and was occupying the premises in question for the unlawful purpose defined by the section. The offense with which appellant was charged is complete when it is shown that the accused occupied a room or enclosure with papers, etc., for the purpose of recording a bet or bets on the result or purported result of any horse race or purported horse race.

It is not the actual making of the bets, but the occupancy of a room with a book or books, paper or papers, etc., for the purpose of recording such bets, which constitutes the offense denounced by subdivision 2 of section 337a of the Penal Code. Every element of the offense was therefore sufficiently established; and when there are added defendant's admissions, as reflected in the record, to one of the officers that he had been working there about six months and was receiving between $400 and $500 worth of bets each day, his guilt is demonstrated. Appellant can find no comfort in the cases relied upon by him (*People* v. *Fisk,* 32 Cal. App. (2d) 26 [89 Pac. (2d) 142]; *People* v. *Rabalete,* 28 Cal. App. (2d) 480 [82 Pac. (2d) 707]), for the reason that in those cases many persons other than the appellant were in the room at the time of the arrest, and the question there involved was the sufficiency of the evidence to connect the particular appellant with

the paraphernalia or occupancy of the room; while in the instant case the evidence of such connection is ample. Appellant here did not take the stand to deny the testimony of the police officer, nor did he offer any defense whatsoever either to the charge of occupancy of the place or as to the verity of his alleged incriminatory admissions as testified to by the police officer. An examination of the record by us reveals no prejudicial error.

The judgment appealed from is affirmed.

York, P. J., and Doran, J., concurred.