[Crim. No. 3294. Second Appellate District, Division Two.—February 20, 1940.]

THE PEOPLE, Respondent, v. JAMES D. MASON, Appellant.

B. Warren Vinetz for Appellant.

Earl Warren, Attorney-General, R. S. McLaughlin, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

MOORE, P. J.—Defendant was convicted of violating subdivision 2 of section 337a of the Penal Code which inhibits the occupancy of a room with paraphernalia for the purpose of recording bets on horse races. He bases his appeal upon the following grounds: (1) Insufficiency of the evidence; and (2) errors of law in the admission of the evidence.

■ (1) Defendant was arrested in a living room of a bungalow in a bungalow court in an outlying residential section of Los Angeles. The arresting officer took from his hand two rundown sheets dated June 13th; lying on the table in the center of the room were various betting markers and additional rundown sheets. The officer took from defendant's pocket a National scratch sheet, a rental receipt for the bungalow and a key to the front door of the bungalow. Three telephones and a headset were installed in the living room. Defendant stated to the officer that he was making a book; that the betting markers were in his handwriting; that he had been there a week and that no one else had anything to do with the bookmaking; that he had once had partners but was then working on his own. The betting markers taken from the table contained the names of "Bosca" and "Easter Parade" as horses running at the Hollywood track on the date of the arrest. The landlord identified defendant as the person to whom he had rented the bungalow.

The foregoing facts are both sufficient and competent to justify the conviction of defendant of the crime of which

he was accused. (See *People* v. *Reifenstuhl* this day filed (*ante,* p. 402 [99 Pac. (2d) 564]) ; *People* v. *Hinkle,* 64 Cal. App. 375 [221 Pac. 693].)

■ (2) The claim of prejudicial error in admitting the defendant's confession before the proof of the *corpus delicti* cannot be sustained. Since the elements of the crime may be established by circumstantial evidence, the court was warranted in receiving such confession when *prima facie* proof of the *corpus delicti* had been presented. (*People* v. *Tuttle,* 27 Cal. App. (2d) 647 [81 Pac. (2d) 571].) The presence of all of the paraphernalia for operating a bookmaking establishment together with the telephones and headpiece in a small bungalow in a remote residential portion of the city, were sufficient to establish the body of the crime. The presence of the markers and scratch sheets constitutes the major element of the offense charged. (*People* v. *Smith,* 35 Cal. App. 73 [94 Pac. (2d) 633] ; *People* v. *Hatfield,* 77 Cal. App. 212 [246 Pac. 95].) Proof of the *corpus delicti* of the conclusive and convincing character required to support the conviction of the crime charged, was not a prerequisite to the reception in evidence of the extrajudicial statements of the defendant. Where a confession is freely and voluntarily made, it is admissible as evidence in support of the *corpus delicti* as well as of the criminal participation of the accused. Full proof of the *corpus delicti* independently of the confession of the accused is not required; otherwise it could serve no office except to prove the criminal agency. (*People* v. *Selby,* 198 Cal. 426, 435 [245 Pac. 426].) ■ Moreover, a fair interpretation of the rule requiring proof that a crime had been committed before the admission of the confession of the defendant is that it is not intended to govern the order of trial but rather is it a rule of substantive law designed to protect the accused against a conviction for crime unless the crime itself be established.

■ Defendant's contention that error was committed in admitting testimony of the police officer as an expert on bookmaking establishments without first showing his qualifications, has no basis for the reason that no specific objection was interposed to such testimony. A general objection will not suffice. The appellate court will not consider an objection to evidence unless the precise grounds of the ob-

jection was specified in the trial court. (8 Cal. Jur. 503.) The trial proceeded upon the theory that the officer was an expert upon the subject of his testimony and the statement by the court that he was an expert was not challenged by defendant. The witness, being an officer attached to the vice squad of the city of Los Angeles, testified from his experience concerning the scratch sheets and the betting markers. In view of his experience and patent qualifications, the testimony was competent and afforded a substantial basis for the admission of the markers and scratch sheets in evidence.

For the reasons indicated, the judgment is affirmed.

Wood, J., and McComb, J., concurred.