[Crim. No. 3281.   Second Appellate District, Division Two.—February 20, 1940.]

THE PEOPLE, Respondent, v. AUDREY REIFENSTUHL, Appellant.

Leland E. Zeman and Charles Hollopeter for Appellant.

Earl Warren, Attorney-General, and L. G. Campbell, Deputy Attorney-General, for Respondent.

MOORE, P. J.—Defendant appeals from a judgment of conviction for violating subdivision 2, section 337a of the Penal Code and from the order denying her motion for a new trial. Said subdivision makes it a felony for any person to keep or occupy a room or enclosure of any kind with books or paraphernalia for the purpose of recording bets upon the results of horse races. The bases of her appeal are as follows: (1) insufficiency of the evidence; (2) the officer's telephonic conversation in the room occupied by defendant with an unknown party was erroneously admitted; (3) the court should have accepted the hypothesis of innocence.

(1) The defendant was an employee in a drug store on Wilshire Boulevard; she occupied a room to the rear, upstairs. When the officer entered the room, defendant was sitting twenty feet from the entrance at the desk. As the officer entered, she pushed a scratch sheet under the desk where she was seated and did nothing more. Beside her desk stood a man who put down two half-dollar coins and said to the defendant: "Give me $1 to win on Aces Wild." The officer said: "Betty, I told you that we would be up here again; that we would catch you book making" to which she responded: "Yes, I know you told me."

The officer took from the top of defendant's desk a master scratch sheet and retrieved a National scratch sheet which she had cast beneath the desk and which was dated June 17, 1939, the day of the arrest. The master scratch sheet contained

the names of horses and their numbers. The National scratch sheet contained a list of the races, the names of the horses, the jockeys and their weights, running on different race tracks in different parts of the United States. The piece of paper recovered by the officer from the waste basket contained the names of six horses with numerals appearing opposite their names which indicated three two-horse parlays. Two newspapers, open at the page containing racing information, lay upon the long counter. The officer found two telephones in the room, both of which rang as he conferred with defendant. Answering one of them, the officer spoke: "No, she is not. She is busy. Is there anything I can do for you?" To his question, the voice replied: "I want $1 to win on Nilka in the third race at Hollywood and one on Cozette to show in the fourth race. This is M. T. talking." The officer told him "he was on". Defendant said nothing. Six weeks previously the same officer had called at the room when he found the "same condition" and six or eight people in the room. Defendant made no denial of any fact given in the testimony.

■ The foregoing facts are sufficient to warrant a conviction of the defendant for occupying a room for the purpose of registering bets on horse races. (*People* v. *Hatfield*, 77 Cal. App. 212 [246 Pac. 95]; *People* v. *Paluso*, 27 Cal. App. (2d) 642 [81 Pac. (2d) 630]; *People* v. *Tuttle*, 27 Cal. App. (2d) 647 [81 Pac. (2d) 571]; *People* v. *Sutherland*, 59 Cal. App. 462 [210 Pac. 965]; *People* v. *Smith*, 35 Cal. App. (2d) 73 [94 Pac. (2d) 633].) Such proof is especially persuasive in view of defendant's failure to explain the evidence. (*People* v. *Schrader*, 32 Cal. App. (2d) 543, 549 [90 Pac. (2d) 331].) Where the accused at the time of arrest occupied the room and attempted to conceal the papers used by gamblers for recording bets on horse races, such papers are a major element of the offense. (*People* v. *Hatfield, supra.*) "The intent with which an act is done may be gathered from all the circumstances shown in evidence." (*People* v. *Tuttle, supra.*) ■ "It was not necessary that it be actually established that the races upon which bets were being taken were actually being run at the time." (*People* v. *Sutherland, supra.*) ■ It is uniformly held that where the evidence tends to support the verdict it will not be disturbed and the application of this rule is strengthened where the trial court has refused a new trial.

The weight to be accorded the evidence is a question for the jury. (*People* v. *Tedesco,* 1 Cal. (2d) 211, 219 [34 Pac. (2d) 467].) The appellate court may disturb a finding of the trial court "only when we can say, as a matter of law, that there was no evidence to support it". (*People* v. *Tedesco, supra; People* v. *Willard,* 150 Cal. 543 [89 Pac. 124].)

■ (2) Defendant complains that the conversation by the officer with the telephonic patron while in the room and in the presence of the defendant was hearsay and that its admission was prejudicial. With this we cannot agree. That conversation coming in the midst of the occurrences concerning defendant at the time of her arrest is a circumstance to be considered. It was not subject to the hearsay rule. The conversation was not admitted for the purpose of proving its own contents (16 Cor. Jur. 624) but to prove the use to which the telephone was subjected by the public and to demonstrate the reaction of the defendant at the time. The use of the room occupied by defendant was in issue and the nature of the telephonic call was a circumstance to establish the truth. The uses to which a telephone is put reveal more truthfully the character of the establishment that houses the instrument than do the words of description attached to the listing. When a call comes to one surrounded by paraphernalia in use for the very purposes that would serve the patron so calling, the communication becomes a part of the *res gestae.* It was one of "the undesigned incidents of and caused by particular litigated acts". (*Estate of Gleason,* 164 Cal. 756 [130 Pac. 872] ; Code Civ. Proc., sec. 1850.) "The testimony is only applicable to *rem ipsam,* as a contemporaneous fact forming part of the *res gestae,* and as such is admissible, just as any other contemporaneous physical occurrence could be proven." (Horton, 33 La. Ann. 289.)

It is pertinent here to observe that in the case of a bookmaker, the telephone is an indispensable facility for the extension and safe expedition of his business. Also, it served practically to conceal both the offender and his client from public view in the conduct of illicit transactions and lessens the risk of police apprehension. As the means by which the public might place bets with the defendant, the two instruments constitute a part of defendant's paraphernalia. The order of "M. T." to place $1 each on Nilka and Cozette, while defendant was at hand to protest, or to endorse it as the act

of a cherished patron, is evidence of the use for which the room was maintained.

The use of a telephonic conversation as evidence against the party who was present and who was addressed by the invisible person is exemplified in the case of *People* v. *Helt,* 100 Cal. App. 279 [279 Pac. 1046]. The conversation was there objected to as hearsay but its admissibility was approved by this court and was cited as one of the circumstances comprising proof of appellant's guilt.

(3) Defendant admits that "it can be fairly stated that there may have been a hypothesis, although a weak one, that the crime denounced by said subdivision was committed". She then argues that since there was a reasonable hypothesis that no crime at all was committed, the trial court should have chosen the hypothesis of innocence rather than that of guilt.

In this case, it was the right and the duty of the trial court to determine whether or not a crime had been committed by the defendant. (*People* v. *Patello,* 125 Cal. App. 480 [13 Pac. (2d) 1068].) That court having so concluded upon evidence which contains sufficient basis to justify the finding of guilt, this court would be exceeding its powers to interfere with his decision. "Where circumstances reasonably justify an inference of guilt, the fact that an inference of innocence may also be reasonably drawn therefrom does not present a question of law for review by the appellate court any more than does a verdict based upon direct conflicting evidence; in neither case will the verdict be disturbed." (*People* v. *Martinez,* 20 Cal. App. 343 [128 Pac. 952].)

The judgment and order are affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 21, 1940.