[Crim. No. 3370. Second Appellate District, Division Two.—November 4, 1940.]

THE PEOPLE, Respondent, v. EUGENE FARRELL YODER, Appellant.

Leland E. Zeman for Appellant.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendant was charged by information with the crime of violating subdivision 2 of section 337a of the Penal Code in that he unlawfully occupied a building for the

purpose of recording wagers on horse races. At a trial before the court without a jury he was found guilty. He now prosecutes this appeal from the judgment and from the order denying his motion for a new trial.

It is contended that the evidence is insufficient to justify the conviction. The action was tried upon the transcript of the testimony and the exhibits received at the preliminary examination. From this transcript it appears that the only witness examined was police officer Miller, who testified that he went to a garage at 248 Winston street in the city of Los Angeles and there found five or six men grouped about defendant. As Miller approached the garage with another officer defendant ran through the garage to Wall street and on for several blocks to a point on Maple street, where he was caught by one of the officers; defendant threw several objects away as he ran and when caught had in his pocket a "scratch sheet" and in the collar of his shirt were some "betting markers". From the testimony of the officer it appears that the papers found on defendant's person were those customarily used in recording wagers on horse races. Concerning a conversation with defendant the officer testified: "He stated he had been taking bets on horse races there for about two weeks to help pay his probation fine, he was on probation for bookmaking and that he received twenty per cent of the takes which was about, take was about $150.00 a day."

The prosecution presented sufficient evidence when it established that defendant occupied a room with a paper for the purpose of recording bets on the result of horse races.

It was the function of the trial judge, as a trier of facts, to draw reasonable inferences from the evidence presented. If the circumstances shown in evidence reasonably justify the finding of the trial court it may not be disturbed on appeal. (*People* v. *Newland,* 15 Cal. (2d) 678 [104 Pac. (2d) 778].) We are satisfied that the finding of the trial court is supported by the evidence.

Defendant contends that the *corpus delicti* was not established and that the court erred in receiving testimony concerning the conversation between the police officer and defendant. There is no merit in this contention. It was not necessary for the prosecution to prove the *corpus delicti* beyond a reasonable doubt before presenting evidence of admissions or confessions. A *prima facie* showing was sufficient

to justify the introduction of the evidence. (*People* v. *Tuttle,* 27 Cal. App. (2d) 647 [81 Pac. (2d) 571].)

The judgment and the order are affirmed.

Moore, P. J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 2, 1940.