[Crim. No. 3580.   Second Dist., Div. Two.   June 9, 1942.]

THE PEOPLE, Respondent, v. FREDERICK BUCKEN-
DORFF, Appellant.

Harry Margid for Appellant.

Earl Warren, Attorney General, Frank Richards and Lewis
Drucker, Deputies Attorney General, for Respondent.

MOORE, P. J.—Defendant was convicted by the court
without a jury of registering a bet upon the result of a horse
race. (Pen Code, § 337a, subd. 4.)  His appeal from the judg-
ment is based upon the insufficiency of the evidence.

Having received a complaint that a party named
Fred was operating as a bookmaker in a cafe on West First
Street near Broadway, in Los Angeles, officers Miller and
Boswell of the central vice squad of Los Angeles, through
the front window, surveyed the interior of the eating place
and observed defendant at the cash register writing on a
large sheet of white paper, with a magazine and a scratch

sheet lying open before him. Having made a number of entries on the white sheet after consulting the scratch sheet, defendant looked directly at officer Miller, concealed both sheets within the magazine and retreated to the rear of his establishment. The officers promptly entered and recovered the magazine and its contents, to find that the scratch sheet contained the names of horses scheduled that day for races on various tracks throughout the United States, the names and weights of the jockeys, the approximate post time, the state of the weather, the condition of the tracks, the length of the races, the post position of the horses and the approximate odds. The names of certain horses on the scratch sheet were enclosed with circles, indicating the winner, while the names of other horses were marked with the digits 2 and 3, representing that such horses had run second and third, respectively. Also, the white sheet, which proved to be a betting marker, contained names corresponding with those on the scratch sheet, with symbols after all entries showing that the bets had been recorded in the manner in which they are customarily recorded by the experienced bookmaker.

While the officers scanned the papers they had taken from the magazine, the telephone rang repeatedly. On Officer Miller's answering it the first two callers hung up on observing that Miller's voice did not sound like Fred's. When the third party called, without ceremony he announced his identity and stated: "I want one to win on Last Gold, a horse running in the sixth race at Tanforan; I left the money with your mother." Defendant's mother is proprietress of the cafe. As Miller repeated the message Boswell recorded it on the marker. It was proved that "Last Gold" did participate in the sixth race at Tanforan on the very day of the arrest.

Defendant denied all knowledge of the betting marker and protested at the trial that the entries on it were not his own; but after that question had been submitted to a chirographical expert the issue was decided against him. Whether defendant registered the bet "for gain, hire, reward or gratuitously or otherwise" the facts recited by the officers were sufficient to prove that defendant registered a bet on a horse which participated in a race at Tanforan on the day the bet was recorded.

This case with respect to the nature of proof is similar to that of *People* v. *Reifenstuhl,* 37 Cal. App. (2d) 402 [99 P.

(2d) 564], which is authority for the judgment. (See also 16 C. J. 624; *People* v. *Helt*, 100 Cal. App. 279 [279 Pac. 1046] ; *People* v. *Newland*, 15 Cal. (2d) 678 [104 P. (2d) 778], and *People* v. *Smith*, 35 Cal. App. (2d) 73 [94 P. (2d) 633].)

Judgment affirmed.

Wood, J., and McComb, J., concurred.