[Crim. No. 2360.   First Dist., Div. Two.   Nov. 9, 1945.]

THE PEOPLE, Respondent, v. GEORGE GILSON, Appellant.

585

Joseph A. Brown for Appellant.

Robert W. Kenny, Attorney General, David K. Lener and Miriam E. Wolff, Deputies Attorney General, Edmund G. Brown, District Attorney, and Norman Elkington, Assistant District Attorney, for Respondent.

NOURSE, P. J.—The defendant was tried to a jury on an information charging a violation of subdivision 2 of section 337a of the Penal Code. Upon a verdict of guilty a judgment followed and the defendant's appeal is taken from the judgment and from an order denying a motion for a new trial.

The information charged that on August 16, 1944, defendant kept and occupied a room at 468 Hickory Street with papers and paraphernalia for the purpose of recording and registering bets on horse races. The testimony presented was to the effect that on August 16, 1944, two police sergeants with a police stenographer and an agent of the telephone com-

pany, went to a flat at 534 Buchanan Street where they remained from 9 a. m. to 5 p. m. Previous to that time it had been ascertained that the telephone wires to 530 and 534 Buchanan Street had been tapped, extra wires led off these to the premises at 468 Hickory Street, and hence the latter premises had three telephones. The agent attached two headsets to the wires at 534 Buchanan Street so that the telephone conversations on that line could be intercepted and heard. The stenographer listened on one headset and wrote down the conversation she heard in shorthand, a transcript of which was introduced in evidence. The police officers who listened in identified one of the voices as that of defendant. The conversations related to bets on horse races, showing that defendant was receiving bets on the races by telephone and was giving out certain horse-race results. When the defendant came out of the premises at 5 p. m. one of the officers arrested him and took from him papers identified as records of bets and run-down sheets. The officer, who has had five years' experience in such cases, testified that these records were the types used by a person who takes bets from individual bookmakers. Defendant's admission to the police was introduced in evidence to the effect that he had been in the premises on Hickory Street, that he had been using the three telephones, that the betting markers and run-down sheets were in his handwriting and that he had been operating the book and registering bets for the last three days. During the trial the district attorney stipulated "that there was no actual taking of bets." Finally, a witness testified that he resided at 468 Hickory Street, that defendant occupied a room there during the day, that he had heard defendant give race results over the three telephones but that he had not heard him take any bets.

■ Appellant argues that the evidence is insufficient to support the verdict because it does not show that any bets were taken. He was not tried for such a violation of the code section. He was charged with a violation of subdivision 2 under which the offense is complete when it is shown that the accused occupied a room for the purpose of recording bets on the results of horse racing. ■ The foregoing statement of facts discloses evidence clearly sufficient to sustain the verdict under this section. (*People* v. *Hinkle,* 64 Cal.App. 375 [221 P. 693]; *People* v. *Manning,* 37 Cal.App.2d 41 [98 P.2d 748]; *People* v. *Steinfeld,* 38 Cal.App.2d 280 [101

P.2d 89]; *People* v. *Roche,* 68 Cal.App.2d 665 [157 P.2d 440]; *People* v. *Partee,* 70 Cal.App.2d 736 [161 P.2d 586] and *People* v. *Brown, ante,* p. 166 [162 P.2d 300].)

Appellant criticizes the instruction, "The defendant had a legal right to take the stand as a witness or not to do so, just as he pleased, or as his counsel may have advised, and you may draw your own conclusions from his testimony or his failure to testify." He states this might be error but gives no reason and cites no authority in support of his argument. The trial judge is authorized to comment on the failure of a defendant to take the stand, and his failure to explain or deny by his testimony any evidence against him, and such failure "may be considered by the court or the jury." Constitution, article I, section 13; Penal Code, sections 1093, 1127, 1439. The statement in the instruction that the jury could draw its "own conclusions" from defendant's failure to testify would seem to imply nothing more than the jury could "consider" such failure of the defendant to deny by his own testimony the positive testimony of certain material facts then in evidence and standing uncontradicted. There is no substantial difference between a statement that the jury may "draw your own conclusions" from defendant's failure to testify and a statement that the jury may "consider" such failure when read in connection with other portions of the instructions which informed the jury that in reaching its determination of the guilt or innocence of the defendant it must be satisfied that the evidence prove guilt beyond a reasonable doubt.

Finally, the appellant complains of the rulings admitting over his objections testimony of an employee of the telephone company concerning the installation of telephone sets in the premises occupied by the appellant and in the neighboring room where the police officers listened in on the conversations conducted by the appellant. The appellant does not indicate how this testimony may be deemed prejudicial to his defense. It was merely preliminary to the testimony of the police officers and of the shorthand reporter concerning the conversations which they heard. Proof of the use of these telephones by the appellant as part of the "paraphernalia, for the purpose of recording or registering any bet or bets" (Pen. Code, § 337a, subd. 2) was made by other evidence and by the admissions of the appellant. The

manner in which these telephones were installed and the method by which the police officers listened to the conversations conducted by the appellant was merely a part of the whole story which was completed by appellant's admission of his use of the telephones for the purposes charged in the information. And since the appellant voluntarily admitted his occupation of the room in question and his use of the three telephones for the purposes charged in the information the evidence of the system and methods of installation of the telephones could not have been prejudicial.

The judgment and order are affirmed.

Goodell, J., and Dooling, J., concurred.