[Crim. No. 4223.   Second Dist., Div. Two.   July 26, 1948.]

THE PEOPLE, Respondent, v. MORRIS WARNICK, Appellant.

Max Solomon for Appellant.

Fred N. Howser, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

WILSON, J.—Defendant was charged in two counts with having violated section 337a of the Penal Code, in one a violation of subdivision 2 of that section, occupying a room with papers and paraphernalia therein for the purpose of recording and registering bets and purported bets on horse races, and in the other a violation of subdivision 4, recording and registering bets on horse races. He pleaded not guilty to both counts and waived trial by jury. By stipulation the cause was submitted on the transcript of the evidence given at the preliminary hearing. The court found him guilty on both counts and granted leave to file an application for probation upon the hearing of which proceedings were suspended and he was placed on probation for three years. He made a motion for a new trial which was denied. ▉ He has appealed from the order denying his motion for a new trial and has purportedly appealed from an alleged judgment of conviction and sentence. Since the court did not pronounce judgment but suspended proceedings and granted probation that appeal will be dismissed. (*People* v. *Murphy,* 60 Cal.App.2d 762, 765

[141 P.2d 755]; *People* v. *Brown,* 78 Cal.App.2d 773, 778 [178 P.2d 464]; *People* v. *Guerrero,* 22 Cal.2d 183, 184 [137 P.2d 21].)

The only point raised by the appeal is that the evidence is insufficient to sustain the verdict of conviction.

With reference to the charge under subdivision 2 of section 337a of the Penal Code, the offense is complete when it is proved that the defendant occupied a room or enclosure with paraphernalia used for the purpose of recording a bet on the result or purported result of a horse race or purported horse race. The prosecution is not required to show that a race was actually run or that any bet was made. (*People* v. *Hinkle,* 64 Cal.App. 375, 380 [221 P. 693]; *People* v. *Carroll,* 54 Cal.App. 684, 686 [202 P. 885]; *People* v. *Ghio,* 82 Cal.App. 28, 32, 34 [255 P. 205]; *People* v. *Vertlieb,* 22 Cal.2d 193, 197 [137 P.2d 437].) It is the occupancy of a room or enclosure with betting paraphernalia for the purpose mentioned that constitutes the offense, not the actual making of bets. (*People* v. *Manning,* 37 Cal.App.2d 41, 43 [98 P.2d 748]; *People* v. *Gilson,* 71 Cal.App.2d 584, 586 [163 P.2d 98]; *People* v. *Abraham,* 67 Cal.App.2d 425, 427 [154 P.2d 450]; *People* v. *Kabakoff,* 45 Cal.App.2d 170, 173 [113 P.2d 760]; *People* v. *D'Angelo,* 60 Cal.App.2d 73, 78 [140 P.2d 113].)

Likewise when the prosecution is under subdivision 4 for recording and registering bets it is not necessary to show that the race upon which bets were being taken was in fact run. (*People* v. *Sutherland,* 59 Cal.App. 462, 463 [210 P. 965]; *People* v. *Ghio, supra*; *People* v. *Reifenstuhl,* 37 Cal. App.2d 402, 404 [99 P.2d 564].)

Tested by the foregoing rules the evidence sustains defendant's conviction. On the day of his arrest officers obtained a key to defendant's apartment from the landlady. When they inserted the key in the lock they found that the door was bolted. One of the officers knocked on the door and identified himself. Receiving no answer after waiting about a half a minute he forced the door and all the officers entered the apartment where defendant was found. While the officers were in the apartment the telephone bell rang eight or nine times. One of them answered the calls and received wagers over the telephone. The telephone instrument was in the kitchen where the officers first saw defendant. They searched the apartment for papers with negative result. One of them observed a paper bag in a flower bed directly below the kitchen window of the apartment which was found to contain papers

which defendant's counsel stipulated were betting markers and betting paraphernalia. He also stipulated that the written matter on the papers was in defendant's handwriting.

Contrary to defendant's contention the corpus delicti was established by the evidence above outlined and defendant's connection with the crimes charged was shown by his handwriting on the betting markers and by the fact that they were found beneath the window of the room in which defendant and his telephone instrument were found by the officers. The only inference that can be drawn is that the betting markers were dropped from the window by defendant when he was informed that an officer was demanding admittance to his apartment. There is the further inference that the betting markers were written and bets were received on or about the date of defendant's arrest.

Defendant contends that the finding of the betting paraphernalia beneath his window did not prove that his apartment was occupied for the purpose of recording and registering bets on horse races. There are the additional facts that the betting markers were in his handwriting; he failed to answer the summons of the officer; the delay enabled him to dispose of the evidence by throwing it from the window; the telephone bell rang repeatedly and bets were received over the telephone by the officer in his apartment and in his presence. It was not necessary that the purpose for which the room was occupied be proved by direct evidence, since the circumstantial evidence was ample to establish the essential element of the crime. (*People* v. *D'Angelo, supra*; *People* v. *Tuttle,* 27 Cal. App.2d 647, 649 [81 P.2d 571]; *People* v. *Tepper,* 36 Cal. App.2d 525, 527 [97 P.2d 1002].) ■ When the circumstances shown by the evidence reasonably justify the finding of guilt the finding will not be disturbed by the reviewing court. (*People* v. *D'Angelo, supra*; *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) ■ The telephone conversations were admissible. (*People* v. *Vertlieb,* 22 Cal.2d 193, 196 [137 P.2d 437]; *People* v. *Kelley,* 22 Cal.2d 169, 172 [137 P.2d 1]; *People* v. *Joffe,* 45 Cal.App.2d 233, 235 [113 P.2d 901]; *People* v. *Reifenstuhl,* 37 Cal.App.2d 402, 405 [99 P.2d 564].)

The order denying defendant's motion for a new trial is affirmed. The purported appeal from an alleged judgment and sentence is dismissed.

Moore, P. J., and McComb, J., concurred.