[Crim. No. 4643.    Second Dist., Div. Two.    Nov. 2, 1951.]

THE PEOPLE, Respondent, v. HARRY COHEN, Appellant.

Joseph T. Forno for Appellant.

Edmund G. Brown, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

WILSON, J.—This is another of the fruitless and meritless appeals following convictions of bookmaking with which appellate courts have been infested.    Defendant has appealed from a judgment of conviction of having violated subdivision 4 of section 337a of the Penal Code* in that he recorded and registered bets upon horse races, and from the sentence.

---

*Section 337a: ''Every person, . . .

''4.  Who, whether for gain, hire, reward, or gratuitously, or otherwise, at any time or place, records or registers any bet or bets, wager or wagers, upon the result, or purported result, of any trial, or purported trial, or contest, or purported contest, of skill, speed or power of endurance of man or beast, or between men, beasts, or mechanical apparatus, or upon the result or purported result, of any lot, chance, casualty, unknown or contingent event whatsoever; . . .

''Is punishable by imprisonment . . .''

Defendant, a newsvendor on a street corner in Los Angeles, was observed by a police officer for about 20 minutes during which time several persons approached defendant; each engaged him in conversation and handed him what appeared to be paper money. On two or three occasions he left the corner and went to a telephone in the vicinity. On his last visit to the telephone the officer followed him and saw he was holding in his right hand while telephoning a piece of white paper with writing on it. The officer opened the door of the booth, identified himself and took possession of the paper. On it were several letters and figures which he identified after it had been stipulated that he was an expert in the manner and method in which bookmaking is conducted in Los Angeles County. He testified the letters, figures and abbreviations on the paper indicated horse races run at the Saratoga and Rockingham race tracks, the names of horses entered in the races and the amounts bettors were wagering on such horses to win and to place, nothing to show. The officer recovered from defendant's pocket a scratch sheet dated on the day of the arrest, compared the notations on it and testified the horses mentioned on the slip of paper defendant was holding while telephoning were running on the day in question at the tracks indicated on such paper. The officer took also several pieces of paper from a leather pouch which contained defendant's money changer. He testified such papers indicated the amounts of money owed to defendant and possibly the amounts he owed to various bettors; that such papers are commonly known as "owe" sheets and that the writing on them possibly indicated the names or initials of bettors. The officer testified as to how a telephone is used in relation to bookmaking. He stated the agent commonly transmits or relays his bets to telephone "spots," the agent being the person who takes bets from the various bettors and telephones them to a central location where they are recorded; that on some occasions the agent records the bet on a small piece of paper before telephoning it and that such papers are called betting markers.

The foregoing evidence is sufficient of itself to sustain defendant's conviction of having recorded and registered bets upon horse races. (*People* v. *Newland,* 15 Cal.2d 678, 681, 684 [104 P.2d 778]; *People* v. *Warnick,* 86 Cal.App.2d 900, 902-3 [195 P.2d 552]; *People* v. *Stones,* 99 Cal.App.2d 54, 55 [221 P.2d 202].) In addition there is defendant's admission of guilt. While en route to the jail in custody of the arresting officers he was asked by them how long he had

been bookmaking and he answered he had been operating about two years. Concerning the slip of paper recovered from his hand he admitted he was telephoning bets recorded on the marker at the time the officer approached the telephone booth. He stated the other pieces of paper recovered from his leather pouch contained initials and names of persons owing money to him and the amounts thereof and also the amounts he owed other people. The corpus delicti may be established by circumstantial evidence (*People* v. *Newland, supra,* 15 Cal.2d 678, 683; *People* v. *Warnick, supra,* 86 Cal. App.2d 900, 903) and having been established the court did not err in admitting the evidence of the conversations between defendant and the officers.

Judgment affirmed. Purported appeal from sentence dismissed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied November 15, 1951.