[Crim. No. 4448.   In Bank.   May 3, 1943.]

THE PEOPLE, Respondent, v. JOSEPH ALLEN, Appellant.

Morris Lavine for Appellant.

Earl Warren, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

EDMONDS, J.—With the exception of testimony concerning messages received by telephone, the evidence upon which Joseph Allen was convicted of violating section 337a of the Penal Code is substantially the same as that which was presented in the case of *People* v. *Vertlieb* (*post*, p. 193 [137 P.2d 437]).   And, as in the Vertlieb case, the prosecution used a scratch sheet for the purpose of establishing the character of the paraphernalia found in the appellant's place of business.

The appellant and Henry E. Cosgrove were charged in an information having three counts.   First it was alleged that they kept and occupied a store with books and papers and paraphernalia for the purpose of recording bets upon horse

races. The next count asserted that they received and held money bet upon horse races. The recording of bets upon horse races was the basis of the last count.

■ Upon a trial, the only witness was a police officer called by the prosecution. He testified that when he entered a cigar store he saw Allen standing behind the counter. Cosgrove, on the outside of the counter and near the cash register, laid down some money. As the witness came by him, Cosgrove grabbed a piece of paper from the counter and tore it in half. At the same time, Allen grabbed several pieces of paper and put them in his pocket. The money, $2, was left on the counter.

Allen and Cosgrove were placed under arrest. The officer found a scratch sheet of that date and blank pads which had sheets similar in size and shape to the one torn up by Cosgrove. These articles, with certain papers taken from the safe, were received in evidence.

The officer testified that he was familiar with the manner in which bookmaking is customarily conducted in Los Angeles county and that the exhibits include betting markers. The symbols appearing on one of them, he said, indicate that a person identified by the initials C. J. made a bet on two particular horses, one to win and one to place. The significance of names and numbers on other exhibits was similarly explained. The meaning of the data appearing on the markers was obtained, in part, from a scratch sheet which was not found at the cigar stand but was identified as a publication "used by horseplayers."

At the time of the arrest, testified the officer, the appellant told him that the cigar store was his place of business. Allen said that he had moved in there about two years before; he had never had a key to the safe and the safe had not been opened. Questioned as to how the articles received in evidence got into the safe Allen replied, "A bookmaker leaves this stuff every night." But, the witness continued, Allen said that he did not know the bookmaker's name.

Upon a trial by the court, a jury having been waived, Allen was convicted of the offense charged in count I and acquitted upon the other counts. Cosgrove was acquitted upon all three counts. Following the denial of a motion for a new trial, Allen gave a written notice of appeal which, it is stated in his opening brief, is from the judgment of conviction.

According to the appellant, the "verdict" is contrary to the law and the evidence is insufficient to sustain the judg-

ment. He also asserts that the court erred in the admission of evidence and particularly in the use of the scratch sheet. But from the testimony of the officer and the exhibits placed in evidence, say the People, it may reasonably be inferred that the appellant is guilty of the offense charged in count I of the information.

What was said in *People* v. *Vertlieb, supra,* is applicable to the testimony in the present case. The evidence was admissible and amply justifies the judgment of conviction.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Traynor, J., and Peters, J. pro tem., concurred.

Appellant's petition for a rehearing was denied June 1, 1943. Schauer, J., did not participate therein.