[Crim. No. 4352. Second Dist., Div. Three. July 29, 1949.]

THE PEOPLE, Respondent, v. EARNEST RUSSELL, Appellant.

Max Solomon for Appellant.

Fred N. Howser, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was convicted of a violation of Penal Code, section 337a, subdivision 2, in that he kept and occupied a house with papers and paraphernalia for the recording of wagers upon the result or purported result of horse races. He appeals from the judgment and sentence. His only point is that the evidence is insufficient "to connect the defendant with the corpus delicti."

The evidence follows. On December 16, 1948, about 2 p. m., three deputy sheriffs entered a private residence in Watts. Defendant opened the door to let them in. They pro-

ceeded to a rear room where a codefendant was seated near a desk. There were several betting markers on the desk and in the drawers of the desk. The telephone rang. Defendant picked it up and said, "Hello, who do you want?" and then "The police are here" and hung up. Shortly thereafter the telephone rang several times. One of the officers answered. Each time the caller asked for Thelma—the codefendant. In each conversation the person calling made a wager on a horse running that day. Underneath a couch in the room the officers found a number of betting markers and a scratch sheet. Some of the betting markers listed numbers of horses appearing on the scratch sheet as running at various race tracks that day. It is conceded that the telephone in the room was listed in defendant's name.

One of the officers asked defendant if he had written on the betting markers. Defendant replied, "Well, I don't think I have written any of these today." The officer asked, "This is your residence?" Defendant replied, "Yes." The officer asked defendant, "If he was in back of this bookie business?" Defendant said, "yes, that it was his own and that he was the recognized bookie." Betting markers dated prior to and after December 16, 1948, were also found in the room by the officers.

The foregoing was sufficient to establish defendant's connection with the offense charged. (*People* v. *Kelley*, 22 Cal.2d 169 [137 P.2d 1]; *People* v. *Allen*, 22 Cal.2d 191 [137 P.2d 439]; *People* v. *Warnick*, 86 Cal.App.2d 900 [195 P.2d 552].)

The appeal from the sentence is dismissed. The judgment is affirmed.

Shinn, P. J., and Wood, J., concurred.