[Crim. No. 3015. Second Appellate District, Division Two.—September 30, 1937.]

THE PEOPLE, Respondent, v. ELDON ROSEBERRY et al., Defendant; MURRAY CLEWELL, Appellant.

George H. Shreve for Appellant.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—The defendant was charged with the offense denounced by section 337a, subdivision 2, of the Penal Code. From a judgment of conviction of such offense, this appeal is taken. The case was tried by the court, without a jury, upon the evidence taken at the preliminary examination.

■ The sole question presented for decision is this: Was there any substantial evidence to sustain the judgment of conviction?

Section 337a, subdivision 2, of the Penal Code prohibits any person from *keeping* or *occupying* any room, etc., "with a book or books, paper or papers, apparatus, device or paraphernalia, for the purpose of recording or registering any bet", etc. It is contended that there was no substantial evidence to show that defendant kept or occupied a room within the meaning of the statute. The word "keep" is defined as follows: "To conduct or carry on; to maintain, as an establishment, institution, or the like; to manage; continue." (Webster's New International Dictionary, 1921.) The word "occupy" is defined as follows: "To take or enter upon possession of; to hold possession of; to hold or keep for use; to possess; to tenant; to do business in." (*Ibid.*)

Viewing the evidence in the light most favorable to the prosecution, there is no dispute as to defendant's presence in the room and his apparent intimacy with the patrons and with his codefendants. It further appears from the testimony of one of the arresting officers that the other defendants stated that Clewell was their employer, which the latter denied. No objection was made to the introduction of this hearsay evidence and no evidence to rebut this testimony was offered by defendant. As heretofore stated the case was tried upon the evidence taken at the preliminary examination. Furthermore, it appeared that defendant had in his possession a key which fitted the lock in the rear door of the room and which he requested the arresting officers to permit him to retain. Considerable importance must be attached to the fact that the key, found in defendant's possession, was one which would fit the lock of the rear door of the room which defendant was charged with having *kept* or *occupied*. (*People* v. *Parkinson,* 138 Cal. App. 599, 611 [33 Pac. (2d) 18].) From the foregoing, the inference may fairly be drawn that defendant conducted, maintained, managed, possessed,

tenanted or did business in the room in question in the manner denounced by the Penal Code. We conclude, therefore, that there was some substantial evidence of the fact. That he did so was the implied finding of the trial court and we cannot now disturb such finding. (*People* v. *Tedesco,* 1 Cal. (2d) 211, 219 [34 Pac. (2d) 467].)

In accordance with the foregoing opinion, the judgment is affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 29, 1937.