[Crim. No. 3452. Second Dist., Div. Two.—June 3, 1941.]

THE PEOPLE, Respondent, v. HARRY KABAKOFF, Appellant.

Philip W. Erbsen, Joseph L. Fainer and Russell E. Parsons for Appellant.

Earl Warren, Attorney-General, Gilbert F. Nelson, Deputy Attorney-General, for Respondent.

MOORE, P. J.—Defendant appeals from an order denying his motion for a new trial and from the judgment of conviction. He was accused by information with violations of section 337a of the Penal Code as follows: Count I for violation of subdivision 1; count II for violation of subdivision 2; count III for violation of subdivision 6. Trial by jury was waived. He was found not guilty on counts I and III but he was convicted under count II of a violation of subdivision 2 hereinafter quoted. His motion for a new trial having been denied, he was sentenced to the county jail for 180 days, which sentence was suspended and probation granted for three years under specified conditions.

The facts are substantially as follows: On October 12, 1940, two police officers entered apartment 207, located at 726 North Van Ness Avenue, in the city of Los Angeles, at about 2 o'clock in the afternoon. It was a single apartment consisting of a combination living room and bedroom, with kitchen and bath adjoining. Upon entry the officers found appellant alone in the apartment, dressed in his trousers but without a shirt. On the kitchen table the officers found the following: two telephones, one bearing a *Hillside* number,

the other a *Granite* number; betting markers on which numerous notations recorded horse racing bets; two scratch sheets giving notice of different races at different tracks and the names of the horses and jockeys and their weights and the probable odds and post positions. One of the scratch sheets bore the date of October 5th and the other of October 12th. Officer Barry testified that this paraphernalia was that commonly used by bookmakers. The telephones rang. Officer Barry had two telephonic conversations in each of which he was requested to place a bet on a certain horse. The officers thereupon placed appellant under arrest.

On the trial appellant testified that he had occupied this apartment for two weeks prior to the date of his arrest "to sleep there"; that a party named "Brownie" granted him the free use of the apartment; that it was his residence and that he slept there and was there every day during the two weeks. He denied all connection with the acceptance or writing of bets, or that he "forwarded" any of them, or that he had ever seen any bet recorded or that he knew what the apartment was used for. He had come up to the apartment on that afternoon to take a shower.

Subdivision 2 of the section provides that anyone who, "whether for gain, hire, reward or gratuitously or otherwise keeps or occupies for any period of time whatever any place . . . or any part thereof . . . with a book or books, paper or papers . . . apparatus, device or paraphernalia for the purpose of recording or registering any bet or bets upon the result of a contest . . . is punishable . . . "

The narrative above recited establishes conclusively that appellant occupied an apartment containing: two telephones with different numbers and racing paraphernalia used by bookmakers. He had occupied the apartment every day for two weeks, was found alone and at that very time telephones were in use by outside parties who attempted to make bets. It was 2 o'clock in the afternoon when it is commonly known that races are being run, as emphasized by the experience of Officer Barry in answering the telephones during the brief space of time in which he was in the apartment.

But appellant contends that the state did not sustain the burden of proving beyond a reasonable doubt that the occupancy of the apartment was for the purpose of recording bets. In a recent case, the proof received against the de-

fendant was quite similar to that contained in this record against appellant. It was there declared that the offense was complete when it was shown that the accused occupied a room with papers and paraphernalia for the purpose of recording bets on horse races; that it is not the actual making of bets but the occupancy of such a room with the necessary equipment used for recording bets which constitutes the offense denounced by subdivision 2. (*People* v. *Manning,* 37 Cal. App. (2d) 41 [98 Pac. (2d) 748].) ▉ It is the law that when the *corpus delicti* of a crime has been established, in order to justify a conviction of the accused, it is necessary only to prove his participation in the crime. ▉ Here the presence of paraphernalia in the apartment occupied by defendant alone, day and night for two weeks, and the current use of the telephones by outside parties, calling in to place bets, definitively connect the appellant with the commission of the crime denounced by subdivision 2. ▉ It is not our duty to retry the case and to make inferences from the facts proved. That is the function of the trial court. The duty of the appellate court is to decide only whether upon the face of the evidence, it can be held that sufficient facts could not have been found to warrant the inference of guilt. (*People* v. *Newland,* 15 Cal. (2d) 678 [104 Pac. (2d) 778].) To warrant a reversal of the judgment on the ground of the insufficiency of the evidence, we must be convinced that upon no hypothesis is there sufficient substantial evidence to support the conclusion reached by the trial court. (*Ibid.*)

▉ Finally appellant offers to establish his innocence or the right to a reversal of the judgment on his statement that the deputy district attorney, on the hearing of the motion for a new trial, stated to the court that in his opinion the evidence was not sufficient to sustain the judgment. The prosecutor might be commended for his frankness. But, however meritorious such opinion might have been, it was void of authority and without persuasive origin as against the finding of the trial court. The complete record of the trial, together with the inferences which the judge may fairly have drawn, embody the total of opinions and facts which we may consider.

Judgment and order are affirmed.

Wood, J., and McComb, J., concurred.