[Crim. No. 3782.   Second Dist., Div. One.   Apr. 28, 1944.]

THE PEOPLE, Respondent, v. FULLER BISHOP, Appellant.

Max M. Solomon for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

DRAPEAU, J. pro tem.—The defendant was accused of the crime denounced by section 337a, subdivision 2, of the Penal Code, keeping and occupying premises for the purpose of registering wagers on horse races.   A plea of not guilty was interposed and the issue thus presented was tried by the judge of the superior court upon a transcript of testimony taken at the preliminary examination.   The defendant was found guilty and sentenced to one year in the county jail; probation was granted for a period of three years, and execution of the judgment suspended, upon condition that the defendant serve the first ninety days of the probationary period in the county jail.   Defendant has appealed from the

order of the court denying his motion for a new trial and from the judgment rendered against him.

Whether or not the evidence is sufficient to support the conviction is the only question to be determined upon this appeal.

The defendant was arrested as he stood behind a cigar counter at the entrance to a pool room. He admitted that he was in charge there. One entering the pool room would pass by the cigar counter on one side and a small room on the other side. At the rear of the cigar stand and the small room was the pool room occupying the width of the premises, in which there were several pool tables. In the pool room there were persons playing pool, and other persons seated in chairs, perusing racing scratch sheets and racing entries in a daily newspaper.

The small room at the entrance had a door, but the partitions did not extend clear to the ceiling. In this room was a pay telephone. And in this room and over the door there was a chiseled-out or hollowed-out receptacle in which the arresting officers found some betting markers with notations upon them in defendant's handwriting. Wires to the telephone had been severed. Upon connecting them the telephone began to ring and one of the officers who answered it testified that unknown persons sought to register bets with him.

Defendant relies upon *People* v. *Rabalete*, 28 Cal.App.2d 480 [82 P.2d 707]. But in that case the betting markers were not in the handwriting of the defendant, and as this court points out might have been placed where the officers found them by anybody.

In the present case the facts recited sustain the finding of the trial court that the defendant occupied premises with papers and paraphernalia for the registering of bets, which constitutes the offense charged. (*People* v. *Kabakoff*, 45 Cal. App. 2d 170 [113 P.2d 760].)

The judgment and order are affirmed.

York, P. J., and White, J., concurred.