[Crim. No. 3798. Second Dist., Div. One. July 26, 1944.]

THE PEOPLE, Respondent, v. HENRY DAVIS, Appellant.

Donald Mackay for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

YORK, P. J.—Defendant was charged in an information filed by the District Attorney of Los Angeles County, with a violation of subdivision 2, section 337a of the Penal Code, in that on September 3, 1943, he did keep and occupy a store building at 3003 Central Avenue, Los Angeles, with books, papers, apparatus, device or paraphernalia for the purpose of recording or registering bets on horse races.

Defendant pleaded not guilty to the charge and waived a jury trial, it being stipulated that the prosecution's case might be submitted on the transcript of the preliminary examination and the exhibits there introduced.

This appeal is prosecuted from the judgment of conviction of the offense charged in the information, as well as from the order denying appellant's motion for a new trial.

The only evidence produced was the testimony of the arresting officer, James Fisk, attached to ''Administrative Vice'' division of the Los Angeles Police Department, whose qualifications as an expert in matters concerning bookmaking were stipulated to. His testimony was to the effect that he arrested appellant on September 3, 1943 at 11:40 o'clock in the morning at a card parlor situate at 3003 Central Avenue, that as he entered the establishment he saw appellant standing to the left of the entrance with ''a piece of paper in his hand which he was attempting to place inside his belt above his right hip''; that the witness took the paper (People's Exhibit A) from appellant's hand; that this paper proved to be a betting marker; that said witness saw another man standing at the back of a cigar counter upon which rested a Daily Turf Reporter, which was identified as a scratch sheet and marked People's Exhibit B. Said witness stated that the papers and paraphernalia commonly used by bookmakers included scratch sheets, betting markers, racing forms, telephones, etc.; that a betting marker is used to record a bet on a horse race, records the identity of the horse indicated by a number or a name, and the identity of the bettor by name, initials or number, as well as the amount of money bet, whether to win, place or show; that a scratch sheet records entries at various tracks throughout the United States using numbers to identify the race horses on the betting marker, as well as recording the names of the jockeys, the probable odds, track and weather conditions, and other racing information. With respect to the betting marker (Exhibit A), said witness examined same and explained in detail the meaning of the various symbols and numbers used thereon; and also examined the scratch sheet (Exhibit B) which disclosed names and numbers having a definite meaning which he also explained. By then comparing the two exhibits, this witness stated he found that all the num-

bers indicating race horses on Exhibit A were also entered on Exhibit B, and that these were race horses running at various tracks in the United States on the date in question.

An application for a loan, which had theretofore been removed by said Officer Fisk from appellant's wallet when he was being booked at Central Jail, was introduced in evidence as People's Exhibit C, and a key found in the possession of appellant at the time of his arrest and which operated the lock of the front door of the establishment at 3003 Central Avenue was introduced in evidence as People's Exhibit D. Appellant made objection to the introduction of Exhibits B and C, on the ground that B was not connected with him in any way, and that C was hearsay, incompetent, irrelevant and immaterial.

It is here urged as grounds for a reversal of the judgment and the order denying motion for a new trial, that (1) the evidence is insufficient to support the judgment; (2) the court committed error in admitting Exhibits B and C in evidence; (3) the court misapprehended the degree of proof required upon a trial as distinguished from a preliminary hearing.

 In connection with his first point, appellant claims that the mere possession of the betting marker (Exhibit A) is not a violation of section 337a of the Penal Code; that the fact that he had a key to the premises in his possession did not establish that he owned, operated or occupied the premises; and that his mere presence in the card room did not prove that he was using the room for any of the acts charged in the information.

While this might be true when each item is considered singly and unsupported by the several other facts and circumstances presented by the evidence herein, nevertheless, when considered together, they constitute sufficient basis for the judgment.

 Although no formal proof was presented that either the betting marker (Exhibit A) or the application for the loan (Exhibit C) was in the handwriting of appellant, the trial court apparently was convinced that such was the case, because he made the following comment at the close of the trial: "Well, we have a betting marker in the defendant's own handwriting, at least it compares with the specimen of handwriting of the defendant, and a scratch sheet which anybody could have."

The trial court had a right to determine the author of the writings (Exhibits A and C) by making a comparison (Code Civ. Proc., § 1944), in the absence of objection or denial by appellant.

In *People* v. *Kabakoff*, 45 Cal.App.2d 170, 173 [113 P.2d 760], referring to *People* v. *Manning*, 37 Cal.App.2d 41 [98 P.2d 748], the court stated: "It was there declared that the offense was complete when it was shown that the accused occupied a room with papers and paraphernalia for the purpose of recording bets on horse races; that it is not the actual making of bets but the occupancy of such a room with the necessary equipment used for recording bets which constitutes the offense denounced by subdivision 2." It was further held (*People* v. *Kabakoff, supra*): "It is the law that when the *corpus delicti* of a crime has been established, in order to justify a conviction of the accused, it is necessary only to prove his participation in the crime. . . . It is not our duty to retry the case and to make inferences from the facts proved. That is the function of the trial court. The duty of the appellate court is to decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found to warrant the inference of guilt. (*People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778].) To warrant a reversal of the judgment on the ground of the insufficiency of the evidence, we must be convinced that upon no hypothesis is there sufficient substantial evidence to support the conclusion reached by the trial court. (*Ibid.*)"

With respect to appellant's possession of the key to the card parlor (Exhibit D), he urges that this "is as consistent with his being the janitor, as the operator or occupant."

Considerable importance must be attached to the fact that the key found in appellant's possession was one which operated the lock and turned the bolt of the front door of the premises at 3003 Central Avenue, which appellant is charged with having kept or occupied. (*People* v. *Roseberry*, 23 Cal. App.2d 13, 14 [71 P.2d 944], citing *People* v. *Parkinson*, 138 Cal.App. 599, 611 [33 P.2d 18].) The key was a substantial link in the chain of established facts, from which the court was warranted in making an inference that appellant was guilty of the offense charged against him, i. e., keeping or

occupying premises with papers and paraphernalia for the purpose of recording a bet. ■ Although the Daily Turf Reporter (Exhibit B) was found on the counter in front of another man and not in the immediate possession of appellant, it must be conceded that it constituted an item of paraphernalia set up in the premises for the use of patrons, and therefore admissible in evidence as such.

■ Exhibit C is appellant's application to the Bank of America for a loan and was used by the trial court to compare the writing thereon with that on the betting marker (Exhibit A) in order to connect appellant with the act of recording bets. This paper was taken from appellant's wallet while he was being booked at Central Jail, and as heretofore stated, he made no effort to deny that either the application for the loan or the betting marker was in his own handwriting, and made no attempt whatever to explain his presence on the premises at 3003 Central Avenue.

The record discloses sufficient substantial evidence to support the judgment of conviction and the trial court did not commit prejudicial error in admitting in evidence the documents complained of.

For the reasons stated the judgment and order are, and each of them is, affirmed.

Doran, J., and White, J., concurred.