[Civ. No. 3737.  Second Appellate District, Division One.—November 14, 1921.]

ROSE ABBOTT, Plaintiff and Respondent, v. CORONADO BEACH COMPANY (a Corporation), Defendant; F. C. WILLIAMS, Defendant and Appellant.

[1] ASSAULT — ACTION FOR DAMAGES — EVIDENCE — IMPEACHMENT OF PLAINTIFF—TESTIMONY IN CRIMINAL ACTION—REMARK OF COURT—PREJUDICIAL ERROR.—Where in an action for damages for an assault the defendant sought on the cross-examination of the plaintiff to impeach her testimony by showing that it was inconsistent with her testimony given in a criminal prosecution of the defendant for the same assault, it was gross error for the court to remark in the presence of the jury that he did not think the transcript of her testimony showed a sufficient conflict for impeachment.

[2] ID.—SPECIAL DAMAGES—PLEADING AND EVIDENCE—ERRONEOUS IN-
STRUCTION.—Where the complaint in an action for damages for
an assault stated a cause of action for general damages only and
there was no evidence as to what were the necessary results to the
plaintiff in seeking recovery, expense incurred in so doing, or
loss of time, other than that of herself to the effect that she had
consulted physicians and had for short periods of time on a few
occasions been unable to perform her duties as a waitress, it was
prejudicial error to instruct the jury that in estimating com-
pensatory damages they should consider such elements.

APPEAL from a judgment of the Superior Court of San
Diego County. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

V. F. Bennett for Appellant.

Durelle F. Glidden for Respondent.

SHAW, J.—Action to recover damages for an assault com-
mitted upon plaintiff by defendant Williams, who is al-
leged to have acted under the direction of Coronado Beach
Company, a corporation. At the close of plaintiff's evi-
dence the court sustained a motion for a nonsuit against
the corporation, and after evidence adduced on the part of
Williams the jury rendered a verdict in favor of plaintiff
for damages in the sum of two thousand dollars, from
which he has appealed.

Appellant specifies a number of errors upon which he
claims the judgment should be reversed.

The complaint was unverified and based upon the alleged
fact that after plaintiff, who was a waitress at the Coronado
Hotel, had severed her employment therewith, and while she
was preparing to leave, defendant Williams, who was a house
detective, called upon her at the dormitory assigned to the
use of such employees, at which time there was an alterca-
tion between them as to why she continued her stay, and,
acting under the direction of the defendant Coronado
Beach Company, he, with force and violence attacked her
and dragged her along the hall of said dormitory and
otherwise violently maltreated her. In his answer Williams
denied the making of the assault and each and every
allegation of the complaint, and as a separate defense al-

leged that on the date of the alleged attack he called upon plaintiff at the dormitory to inquire why she had not vacated her room therein, and when she would do so, at which time plaintiff, who was a strong and able-bodied woman, without any cause or provocation on the part of defendant, became excited and angry and raised a bottle, which she had in her hand, with which to strike him; whereupon he grappled with plaintiff, and using no more force than was necessary so to do, took from plaintiff the bottle with which she was armed.

It thus appears that two issues were presented to the jury for determination, the first of which was whether there was an assault made by defendant upon plaintiff, the burden of establishing which devolved upon her; and the second, assuming that he did, whether he was justified in doing so in self-defense, the burden of showing which devolved upon defendant.

[1] In the cross-examination of plaintiff, defendant's counsel, for the purpose of impeaching her testimony by showing that it was inconsistent with statements theretofore made by her, used a transcript of her testimony given in a criminal prosecution of defendant for the assault and wherein it is claimed her statements made at the trial were materially different from her former testimony. During this examination the trial judge from the bench, and referring to the testimony which she had formerly given, stated, in the presence and hearing of the jury: "I hardly think there is such a conflict as to impeach the testimony given here." That this was gross error admits of no controversy. Defendant sought to impeach the witness in the method prescribed by sections 2051 and 2052 of the Code of Civil Procedure, and the question as to whether there was a conflict and, if there was, the extent to which the credibility of the witness was affected, was one solely and alone for the jury. (*People* v. *Wallace,* 89 Cal. 158 [26 Pac. 650]; *Schneider* v. *Market St. Ry. Co.,* 134 Cal. 482 [66 Pac. 734].) In *People* v. *Vogel,* 36 Cal. App. 216 [171 Pac. 978], the trial judge was guilty of a like act of misconduct by stating in the presence of the jury: "The evidence in the transcript which has been produced, I do not consider as impeachment." In referring to such statement so made by the judge this court said: "His action in that regard

was uncalled for. . . . His statement was distinctly prejudicial to the rights of the appellant.'' Nevertheless, counsel for respondent argues that the rights of defendant were not prejudiced thereby for the reason that, disregarding the testimony of plaintiff altogether, the facts of the assault made upon her by defendant are fully established by the testimony of other witnesses for plaintiff, citing *McMinn* v. *Whelan,* 27 Cal. 320. The record, however, does not support his contention. Other than the conflicting testimony of plaintiff and defendant, there was little or no evidence touching the question as to which of the parties was the aggressor. While other witnesses testified to what they saw after the commencement of the scuffle in which plaintiff was injured, none of them, except one whose testimony is vague and meager, was present at its inception; hence such issue for its determination was made to depend upon the weight given by the jury to the conflicting statements of plaintiff and defendant. The remark of the judge, by reason of the authoritative position occupied by him, was well calculated to impress the jury with the fact that the inconsistencies brought out upon the cross-examination of plaintiff were trivial and should not be considered by them as affecting the credibility of plaintiff as a witness.

[2] It appears that the complaint stated a cause of action for general damages only, as to which the court instructed the jury that, ''In estimating the compensatory damages you will take into consideration all the circumstances of the case, the position of the parties, the pain and suffering occasioned by the assault; the humiliation and shame put upon the plaintiff; *the necessary results to the plaintiff in seeking recovery from her injuries; the time and expense;* the nervous shock or condition produced by the act. You may take into consideration the public place in which the assault was committed. If you shall find that the assault was unwarranted and unjustified it is your duty to render your verdict in such sum as will fully compensate the plaintiff for the assault, taking into consideration all the circumstances above mentioned.'' The giving of the instruction was prejudicial error. Not only was there an absence of allegation as to the special damages referred to in that part of the instruction which we have

italicized, and without which plaintiff was not entitled to recover therefor (*Lewiston T. Co.* v. *Shasta & W. W. R. Co.,* 41 Cal. 562), but there was no testimony as to what were "the necessary results to the plaintiff in seeking recovery from her injuries," expense incurred in so doing, or loss of time, other than that of herself to the effect that she had, due to the injuries, consulted three physicians, and had for short periods of time on three or four occasions been unable to perform her duties as a waitress. This testimony, in the absence of any evidence tending to show the amount of the expense incurred in seeking recovery or the duration and value of the time lost, furnished the jury no basis for estimating the amount of money which would compensate for such loss. (*Duke* v. *Missouri Pac. Ry. Co.,* 99 Mo. 347 [12 S. W. 636].) The determination of the question by the jury was, therefore, one of mere conjecture and guess. "The necessary results to the plaintiff in seeking recovery from her injuries, the time and expense," were in the nature of special damages and, in the absence of proof, not elements to be considered by the jury in estimating the compensatory damage to plaintiff, which presumably they, as advised by the court, took into consideration in estimating the damage awarded by their verdict.

There is no merit in respondent's contention that appellant has failed to print in his brief such portions of the typewritten record as are necessary to illustrate the errors complained of. The facts constituting the errors which we have discussed appear from the appellant's brief, and if there is anything in the record not therein printed which would render the errors harmless, then it devolves upon respondent to direct attention to the same. While respondent makes no reference thereto, we have examined the instructions, as a whole, given by the court, and find nothing which would mitigate or lessen the prejudicial effect of the instruction which we have held to be erroneous.

Since the judgment must be reversed for the reasons assigned herein, we deem it unnecessary to discuss other alleged errors presented by appellant.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.