[Crim. No. 2806. Second Appellate District, Division Two.—December 23, 1935.]

THE PEOPLE, Respondent, v. TOM JOHNSON, Appellant.

Wm. J. F. Brown for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

GOULD, J., *pro tem.*—Charged with murder, tried by a jury, convicted and sentenced to life imprisonment, defendant appeals from the judgment and from the order denying his motion for new trial. Misconduct of the trial court and misconduct of the district attorney are the sole grounds advanced for reversal.

When one of defendant's witnesses under cross-examination was confronted with a transcript of his testimony as previously given at the coroner's inquest and was asked concerning certain discrepancies between his story as told to the coroner and his story as told at the trial then in progress, the court undertook to assist the district attorney with this interjection, addressed to the witness: "Now . . . assuming that was your testimony, when were you lying, then or now?" More questions of the same nature were followed by this remark of the trial judge: "I think this witness should be held for a possible perjury complaint . . . ; and he was either lying then or is lying now, and either way it is, it seems to me he should be held for perjury." No citation of authority or recitation of principles of judicial decorum is neces-

sary to brand this conduct of the trial court as improper and tending to prejudice defendant's rights. When the court belatedly attempted to remedy his judicial *faux pas* by telling the jury that he did not "want to be deemed as having made any statement as to the truth or falsity" of the testimony of the witness in question, it is obvious that the wrong done could not be cured.

Misconduct of the district attorney is charged, in that in the course of his argument to the jury, in speaking of the same witness, he told the jurors that perjury had been committed and that the witness had deliberately lied. We do not find that the remarks of the prosecutor can be assigned as prejudicial error. They were at most his comments upon the evidence as the prosecution viewed it, and if error was committed it must be deemed to have been waived by defendant because he failed to object to the statements now complained of and did not request the court to instruct the jury to disregard them. (*People* v. *Harris,* 219 Cal. 727 [28 Pac. (2d) 906].)

With reference to the misconduct of the trial court, we are confronted with the rule stated thus in *People* v. *Reese,* 136 Cal. App. 657 [29 Pac. (2d) 450] : "But flagrant as misconduct of the trial court in a given case may be, unless it clearly appear that its probable effect was prejudicial to the substantial rights of the party affected by the litigation, and that probably it resulted in a miscarriage of justice because thereof, an appellate tribunal is forbidden to set aside the judgment or to grant a new trial. (Sec. 4½, art. VI, Const.)" Examining the evidence in the instant case, we are satisfied that in spite of the ill-considered remarks of the trial judge there was no miscarriage of justice, and that therefore the judgment may not be set aside. While defendant testified that he acted only in self-defense, by overwhelming and preponderant testimony the proof adduced at the trial showed a deliberate murder with no extenuating circumstances, and any other outcome than the conviction of the defendant would have been unthinkable.

Judgment and order affirmed.

Wood, J., and Crail, P. J., concurred.