[Crim. No. 3310.  Second Appellate District, Division Two.—April 2, 1940.]

## THE PEOPLE, Respondent, v. MORRIS STEINFELD, Appellant.

Irwin H. Roth for Appellant.

Earl Warren, Attorney-General, Warner I. Praul, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

WOOD, J.—Defendant was charged by information with the crime of violating subdivision 2 of section 337a of the Penal Code in that he kept and occupied a room for the

purpose of recording wagers on horse races. He was found guilty at a trial by the court without a jury and prosecutes the present appeal from the judgment of conviction.

From the evidence presented by the prosecution it appears that defendant was arrested on August 19, 1939, in a room at the rear of a barber shop at 4370 West Adams Street in the city of Los Angeles. When the officers arrived there were about ten persons in the room and just outside the door in the back yard there were fifteen or twenty more persons. The room contained paraphernalia that was being used in violation of the code section under which defendant is prosecuted. In his brief defendant concedes that the evidence is sufficient to establish that the room was being used to record wagers on races but contends that the evidence fails to establish that he was the party who kept or occupied the room. In one corner of the room was a desk which one of the officers described as "an L-shaped desk that fitted around one corner and makes a square with the two walls". When the officers entered defendant was behind this desk and talking over the telephone. The receiver was at his ear and he was talking numbers into the telephone, the officer hearing him say "one across". A woman, identified as Mrs. Etta Cross, walked up to defendant and laid a one dollar bill on the desk saying, "Give me 305 to place". Defendant looked at Mrs. Cross and nodded. An examination of the "run down sheet" which was found in the room revealed that 305 was the number of a horse named "Lieutenant Greenock", running in the sixth race at Del Mar. On the desk in front of defendant the officers found a number of papers known as "take sheets" which, according to the testimony, are instruments commonly used by persons who record wagers on horse races. No person other than defendant was behind the desk. When the officers placed defendant under arrest they asked him how long he had been at the premises in question and also if he was the owner of the "take sheets" and "racing forms" found on the premises. To these questions defendant refused to give any answer at all and refused to converse with the officers other than to give his name. After his conviction defendant was arraigned for judgment and at that time he told the court that he was guilty of the offense for which he had been tried. The record discloses the following:

"The Court: . . . Now, have you any legal cause to show at this time why judgment and sentence should not be pronounced? Mr. Roth: No legal cause, your Honor. The Defendant: All I want to say is that I am guilty. The Court: What? The Defendant: I lied about everything, and I am guilty."

In his brief counsel argues that the evidence is insufficient to justify the conviction. ██ It was not necessary for the prosecution to establish that defendant was the owner or lessee of the premises which were admittedly used for the prohibited purpose. The proof of the prosecution is sufficient if it establishes that defendant aided and abetted in the occupancy of the premises for the illegal purpose. (*People* v. *Tuttle,* 27 Cal. App. (2d) 647 [81 Pac. (2d) 571].) We are satisfied that the evidence is sufficient to justify the conviction. In view of defendant's clear admission of guilt at the time judgment was pronounced it is difficult to perceive how counsel for defendant could reasonably expect to secure a reversal of the judgment, for it cannot be successfully argued that there has been a miscarriage of justice. Unquestionably section 4½ of article VI of the Constitution of California is applicable.

██ Defendant complains that the trial judge was guilty of misconduct during the course of the trial and cites the following taken from the reporter's transcript: "The Court: I don't believe a word you say, Steinfeld, You know you are lying. You would be a lot better off if you come through with the truth. Since you want to lie about it—The Witness: I am not lying. The Court: Oh, don't give me that stuff, go on, that is all." The conduct of the trial judge is not to be commended. Defendant had the constitutional right to testify in his own behalf and was entitled to the same courtesy and consideration as any other witness. It is not customary in American courts which follow approved principles of decorum to address witnesses in the curt manner in which defendant was addressed. Neither is it customary to interrupt the testimony of witnesses to accuse them of lying. When the witness in a dignified manner replied that he was not lying the judge characterized his statement as "that stuff". A witness should be able to rely confidently upon the court for protection from such treatment, but in this instance the witness had no recourse. It does not follow,

however, that the improper conduct of the judge calls for a reversal of the judgment of conviction. The case was not tried before a jury and the judge himself was the arbiter of the issues of fact. In the nature of proceedings such as those under review it is necessary for the judge to receive impressions as to the veracity of the witnesses while they are testifying. Legitimate comments which are necessary to bring out the truth are in order but the final conclusion as to the guilt or innocence of the defendant should be withheld until the conclusion of the trial. Judgments may not be reversed for misconduct of the judge unless the misconduct has resulted in a miscarriage of justice. (*People* v. *Johnson*, 11 Cal. App. (2d) 22 [52 Pac. (2d) 964].) It cannot be concluded from the record before us that defendant was misled or otherwise prejudiced as to the final result of the trial by the conduct of the judge.

The judgment is affirmed.

Moore, P. J., concurred.

McCOMB, J., Concurring.—I concur in the judgment on the sole ground that, in view of the fact that the defendant at the time of his arraignment for judgment and sentence admitted his guilt, he has failed to show that he was prejudiced by any ruling of the trial court. He has fully supplied any deficiencies there may be in the evidence by his own admissions. Therefore, under section 4½ of article VI of the Constitution of the State of California we cannot reverse the judgment.

I fully concur in the statements in the majority opinion relative to the utter impropriety of the trial judge's conduct toward the defendant. There is never a circumstance which justifies a trial judge in being discourteous to parties litigant or counsel in either a civil or criminal action.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 15, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 2, 1940. Carter, J., voted for a hearing.