[Crim. No. 2341.   First Dist., Div. Two.   Sept. 12, 1945.]

THE PEOPLE, Respondent, v. GORDON PARTEE,
Appellant.

§

Joseph C. Haughey for Appellant.

Robert W. Kenny, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney, and James F. Brennan, Chief Trial Deputy District Attorney, for Respondent.

STURTEVANT, J.—The defendant was duly informed against, tried and convicted of violating subdivision 2 of section 337a of the Penal Code. He has appealed from the judgment. Before stating his points it will clarify the case to recite some of the facts.

On the 24th day of May, 1944, Thomas M. Cole and Walter V. Heagney, police officers of the city and county of San Francisco, visited the place known as 83 First Street. Fronting on said street the premises consist of a cigar store and back of the cigar store is a large room 50 x 20. In that room there is a counter about 18 feet long running lengthwise of the room. Over the counter is a pipe running lengthwise of the counter and a few feet above it. At the time the police officers entered the room there were suspended from the pipe three "turf digest" or "run down" sheets with the names and initials of horses and the post positions of the horses in each race. Said sheets designated the horses and races that were being run on said 24th day of May, 1944. Certain horses on the run down sheets were circled to show which horse won. After another horse ·a figure "2" was marked to show that that horse ran second, and after another horse was marked the figure "3" showing that that horse ran to show. All of the run down sheets were dated May 24, 1944. At the bottom of the run down sheets were the prices showing what each horse paid. The run down sheets were on cardboard and one was turned toward the audience and the other sheet toward the defendant who was standing behind the counter. While the officers were present they heard the defendant say, "You better place your wagers before we close the race."

At about that time a naval chief petty officer stepped up to the counter and asked to bet on 328, $1.00 to place and $1.00 to show. At the same time he placed $2.00 on the counter. The defendant placed the money on a rack under the counter and at the same time he wrote out a card and placed it under the counter. Officer Cole stepped up and asked defendant for the card. The defendant stated he could not find it and Cole then asked for a copy. Thereupon Partee prepared a card and handed it over to Cole as a copy. Such facts were testified to by Cole and also by Heagney. The three sheets just mentioned and also the card were received in evidence. Although the defendant was present he did not take the stand as a witness nor did he call any other persons as witnesses. The officers and Partee then stepped into an adjoining room where there were some tables and chairs. Murray Kleinstein and another whose name was not disclosed were present. On the table were twenty-four cards. Cole asked, ''Is that a record of today's bets?'' Cole also asked if they wanted copies. Partee interposed directing Kleinstein to make the copies which Kleinstein did. Those twenty-four cards were also admitted in evidence. The card first mentioned was similar in form to the other twenty-four cards just mentioned.

The prosecution introduced as exhibit one the sheet marked California Turf Digest, as exhibit two the sheet marked California Turf Digest for Belmont, New York, as exhibit three the sheet marked Daily Racing News and Sports Bulletin Suffolk Downs, and as exhibit four another sheet, Suffolk Downs Run Down Sheet of May 24, 1944.

The defendant contends ''The mere presence of appellant in a room where bookmaking paraphernalia is found is not in and of itself sufficient to support a charge that appellant was keeping and occupying a room for the purpose of recording and registering a bet on horse races.'' That is not a comprehensive statement of the evidence. The evidence stated above shows facts indicating that the jury was warranted in holding that the defendant was more than merely ''present.'' A careful reading of *People* v. *Rabalete*, 28 Cal. App.2d 480 [82 P.2d 707], shows that the facts were quite different. In the instant case the evidence showed a gambling room fully equipped, a counter for the transaction of business and the defendant standing back of the counter transacting the business.

The card written out by the defendant and handed to

Officer Cole was introduced as exhibit number five. The defendant contends it was improperly introduced. (Code Civ. Proc., § 1855, subd. 1.) The contention has no support. The officer saw the defendant write out a card and place it under the counter. When the defendant could not find it the officer asked him for a copy. Defendant wrote out the card and handed it, as a copy, to the officer. It was original evidence of its contents.

■ The twenty-four cards found on the table in the office or room adjoining the main hall hereinabove described were offered in one package as People's Exhibit Six. The defendant contends they should not have been received because the writing thereon was not shown to be the handwriting of the defendant or that the defendant had any knowledge of the presence of said cards. We find no merit in the point. Each of said cards read in connection with the run down sheets authorized the jury to find that said cards constituted the day's business in operating the bookmaking.

■ In its brief the prosecution cited *People* v. *Hinkle*, 64 Cal.App. 375 [221 P. 693] and several other cases as defining the meaning of subdivision 2 of section 337a of the Penal Code. The defendant replies that said cases present a factual situation which is quite different from the facts in the instant record. To a certain extent the distinction is well founded. But comparing the calls of the statute, Penal Code, section 337a, subdivision 2, with the facts herein recited we think it is clear that it may not be said the evidence did not fully support the judgment. ■ Again, on page 9 of his closing brief, the defendant says: "In the instant case there is not a particle of evidence that appellant is the owner, proprietor or lessee of the premises in question. There is no evidence showing that he was an employee of such premises. None of the racing paraphernalia was in the handwriting of appellant." That criticism is not helpful. The defendant was charged with "keeping" and "occupying" a certain premises. He was not charged as being the "owner, proprietor or lessee" thereof, nor as an "employee" therein. Nor was he charged as being the author of any "writing." The writings came into the case incidentally as evidence descriptive of the plant kept and occupied by the defendant.

■ Among others the trial court gave an instruction which contained this language: "It is sufficient on this point if the

prosecution establishes to a moral certainty and beyond a reasonable doubt that the defendant Gordon Partee occupied the premises or aided and abetted in the occupancy of the premises at 83 First Street. . . ." The defendant contends the giving of said instruction was error. We think not. Bearing in mind that defendant was charged with "keeping" and "occupying" said premises we think what is said in *People* v. *Steinfeld*, 38 Cal.App.2d 280 [101 P.2d 89] was sufficient authority for giving the instruction as written.

The judgment appealed from is affirmed.

Nourse, P. J., and Goodell, J., concurred.