[Crim. No. 2355. First Dist., Div. Two. Oct. 9, 1945.]

THE PEOPLE, Respondent, v. CARLTON L. BROWN, Appellant.

J. W. Ehrlich and Roy A. Sharff for Appellant.

Robert W. Kenny, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney, and James F. Brennan, Chief Trial Deputy District Attorney, for Respondent.

NOURSE, P. J.—The defendant was tried by a jury on an information charging a violation of subdivision 2 of section 337a of the Penal Code. The jury returned a verdict of guilty and the appeal is taken from the ensuing judgment.

The pertinent provisions of the code section under which defendant was tried declared every person guilty of a felony "Who, whether for gain, hire, reward, or gratuitously, or otherwise, keeps or occupies for any period of time whatsoever, any room . . . with a book or books, paper or papers, apparatus, device or paraphernalia, for the purpose of recording or registering any bet or bets . . ." on the result of any contest of skill, speed or power of endurance.

The sole attack upon the judgment and verdict is that the evidence herein is insufficient. Reciting the evidence

in the light most favorable to the respondent, as we are required to do following the jury verdict, it appears that at the time of his arrest the appellant was keeping and occupying a room or place of business fitted in the manner customarily maintained by bookmaking establishments and containing all the usual paraphernalia for that purpose. The premises consisted of a cigar store at the rear of which was a room thirty-two feet long by eighteen feet wide with a counter running along the side of the room for the full eighteen feet with the usual pipe running on the top of the counter from which were suspended boards with the run-down sheets attached to them giving the entries and other racing information covering the races then being conducted at Bay Meadows, Narragansett and Belmont. Defendant also had in his possession at that time other papers known as "records of bets" containing the number of the horse, the amount of money bet and whether the bet was to win, place or show. These betting records all checked with the run-down sheet on Bay Meadows and in some instances showed the prices paid on horses that had run. When he was placed under arrest the defendant was asked by the arresting officer "if that was all his betting records" and he answered yes that those were the betting records for that day. He also told the arresting officer, in answer to his question, that he was the only one working on the premises. While the officer was making the arrest the telephone on the premises rang and information was then given of the result and prices paid upon one of the races shown on one of the run-down sheets which the defendant had in his possession.

The arresting officer was qualified as an expert witness following five years' experience, during which he made several hundred arrests in cases of this character and from this experience testified that the premises occupied by the appellant had all the usual and customary arrangements and paraphernalia generally used by "bookies" for recording and accepting bets on horse races. He then explained how the run-down sheets suspended from the pipe over the counter are used for giving information to the bettors and that the duty of the man behind the counter was to take and record these bets. Duplicates of all these records were contained in a recording machine which was found on the premises but when put under arrest the appellant stated that he did not have a key to this machine. This is the only evidence in the entire record which appears in any degree favorable to the

appellant. He did not take the stand as a witness and offered no evidence in his behalf, a fact which the jury could take into consideration. (*People* v. *McCabe*, 60 Cal.App.2d 492, 498 [141 P.2d 54].)

The question of the sufficiency of the evidence is scarcely a debatable one. He was charged with occupying a room with the paraphernalia used for the purpose of recording bets. He admitted that he was the only one employed on the premises. Twelve other men were in the large room presumably for the purpose of placing bets on the races or viewing the proceedings. That the room was prepared, furnished and maintained for the purpose of recording bets does not admit of argument. Since no other error is assigned we must affirm the judgment on the authority of *People* v. *Hinkle*, 64 Cal. App. 375 [221 P. 693]; *People* v. *Manning*, 37 Cal.App.2d 41 [98 P.2d 748]; *People* v. *Steinfeld*, 38 Cal.App.2d 280 [101 P.2d 89]; *People* v. *Roche*, 68 Cal.App.2d 665 [157 P.2d 440]; and *People* v. *Partee*, 70 Cal.App.2d 736 [161 P.2d 586].

The judgment is affirmed.

Goodell, J., and Dooling, J. pro tem., concurred.