[Civ. No. 16204.   Second Dist., Div. Two.   Feb. 20, 1948.]

KATHERINE ETZEL, Respondent, v. ABE ROSENBLOOM et al., Appellants.

Crider, Runkle & Tilson and Charles H. Lynch for Appellants.

Jones & Wiener and Edward Clayton Jones for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before a jury in an action to recover damages for personal injuries resulting from plaintiff's being struck by defendants' automobile, defendants appeal.

The record discloses evidence which supports these facts:

Defendant Abe Rosenbloom's automobile was pushed from a standing position one block east of the intersection of Beverly Boulevard and Genesee Street, Los Angeles, toward a service station located at the crossing. It had been raining and the motor of the car would not start; hence the reason for its being pushed. The windshield wiper on the car was not operating. As the automobile crossed the sidewalk entrance to the service station it struck and injured plaintiff.

This is the sole question necessary for us to determine:

*Did the trial judge's conduct constitute prejudicial error which resulted in depriving defendants of a fair and impartial trial by jury?*

This question must be answered in the affirmative.

MISCONDUCT OF JUDGE BURNELL WHO PRESIDED AT THE TRIAL

*First*

During the examination of defendant Mr. Rosenbloom the following colloquy occurred:

"The Court: Well, it was pretty hard for you to see without that windshield wiper working, wasn't it?

"Mr. Rosenbloom: Well, it would work.

"The Court: That wasn't my question. It was pretty hard for you to see without it working, wasn't it?

"Mr. Rosenbloom: The motor wasn't working.

"The Court: I didn't ask you that. Will you please answer a simple question, if you can? I asked you if it was not difficult for you to see because of the fact that your windshield wiper was not working?"

. . . . . . . . . . . . .

"The Court: How far was that from your place of business where you started?

"Mr. Rosenbloom: Where I started?

"The Court: Yes, where you started from your place of business.

"Mr. Rosenbloom: Well, when I was to the driveway he gave me a shove.

"The Court: I wish you would answer a plain question. You know where your place of business was, do you not?

"Mr. Rosenbloom: Yes, sir.

"The Court: That is where he started to shove you?

"Mr. Rosenbloom: Yes, sir.

"The Court: How far is that from this driveway?

"Mr. Rosenbloom: The exact figure, Your Honor?

"The Court: As near as you can tell us.

"Mr. Rosenbloom: I cannot say the exact figure.

"The Court: Well, was it 10 miles or a block, or——

"Mr. Rosenbloom: Just about a block.

"The Court: And you mean that he gave you just one shove for you to go a block?

"Mr. Rosenbloom: Yes, for me to get close to the driveway."

. . . . . . . . . . . . .

"Mr. Jones: Now, Mr. Rosenbloom, what, if anything, has caused you to change your mind with respect to the position of the automobile as you made it yesterday?

"Mr. Lynch: That is objected to as argumentative.

"The Court: Do you not think that counsel is entitled to know why a man has testified one way one time and a different way another?

"Mr. Lynch: I merely make the objection.

"The Court: All right, I will sustain the objection since you do not want the jury to know the truth about that."

### Second

While plaintiff was testifying upon direct examination the following occurred:

"The Court: When this car hit you, where were you at that time, when the collision actually took place, in the street or on the sidewalk, or where?

"Miss Etzel: I do not recall, but the next thing I knew, I was in the gutter.

"Mr. Lynch: I am going to object to the Court's question on the ground that it invades the province of the jury.

"The Court: I thought you admitted the collision.

"Mr. Lynch: Yes, your Honor, but——

"The Court: The objection is sustained. Anything that counsel do not want you to know I do not want you to know. If that is the way they want to try the case that is all right. If you don't want the jury to know the truth, I will sustain your objection."

. . . . . . . . . . . .

"Mr. Jones: Do you know what the cost of that fountain pen that you lost was?

"Miss Etzel: About $7.50, or so.

"The Court: I didn't get that.

"Mr. Lynch: $7.50, or so.

"The Court: Does it write under water?

"Miss Etzel: I haven't tried it yet.

"The Court: You had a good chance to try it that night, didn't you?

"Miss Etzel: Yes, I did."

### Third

At the time of the taking of one of the recesses the court made the following remark to the jury:

"The Court: We will take a recess until 10:00 o'clock tomorrow morning, and remember the admonition of the Court, ladies and gentlemen, and remain reasonably sober."

The following rules are applicable to the present situation:

■ (1) Any misconduct on the part of the trial judge

from which it may be rightfully deduced that the jury was influenced in rendering its verdict constitutes prejudicial error. (*People* v. *Franks*, 71 Cal.App. 575, 581 [236 P. 189]; *Abbott* v. *Coronado Beach Co.*, 55 Cal.App. 179, 181 [203 P. 145]; *McMinn* v. *Whelan*, 27 Cal. 300, 319.)

█ (2) *General rule:* Unless the harmful result of the misconduct of the trial judge cannot be obviated by an appropriate instruction, error cannot be predicated thereon in the absence of (a) an assignment of such misconduct as error and (b) a request to the trial court to instruct the jury to disregard it. (*Church* v. *Payne*, 36 Cal.App.2d 382, 400 [97 P.2d 819].)

█ *Exception:* In cases where an admonition of the judge to the jury to disregard his misconduct would not remove the prejudicial effect of such misconduct, it is not a prerequisite to urging such error on appeal for the appellant to have objected thereto and made a request that the jury be instructed to disregard it. (*Estate of Golden*, 4 Cal.2d 300, 311 [48 P.2d 962].)

█ (3) There is *never* an instance which justifies a trial judge or counsel in being discourteous one to the other, to witnesses, parties litigant or jurors. A judge presiding at a trial should conduct it in a fair and impartial manner, and refrain from making unnecessary comments during the course of the trial which may tend toward a prejudicial result to a litigant. (*People* v. *Williams*, 55 Cal.App.2d 696, 703 [131 P.2d 851].)

█ Applying the foregoing rules to the facts of the instant case it is evident that the trial judge's remarks were of such a character as to indicate to the jury, first, that defendant Abe Rosenbloom was not telling the truth; second, that defendants' car had struck the plaintiff; and third, that defendants' counsel was trying to keep the facts from being presented to the jury. Therefore, under rule 1, *supra*, such misconduct constituted prejudicial error.

It is likewise evident that an objection to such misconduct and an admonition by the court to the jury to disregard it would have been ineffectual and would have accentuated the error rather than have removed it. Therefore this case falls under the exception rather than under the general rule set forth above (number 2), and hence it was unnecessary for defendants to have objected to the misconduct of the trial judge and to have requested him to admonish the jury to disregard it.

In the ordinary case we would be constrained to reprimand Judge Burnell for his flagrant disregard of the canons of judicial ethics and for his nonjudicial and outrageous conduct. However, we refrain from doing so for the reason that the reported cases show that from time to time during 20 years the appellate courts of this state have directed Judge Burnell's attention to the impropriety of conduct similar to that which occurred in the present case—all to no avail.

In 1927, our Supreme Court in referring to misconduct of *Judge Burnell* in *People* v. *Mahoney*, 201 Cal. 618, 627 [258 P. 607], said:

"When, as in this case, the trial court persists in making discourteous and disparaging remarks to a defendant's counsel and witnesses and utters frequent comment from which the jury may plainly perceive that the testimony of the witnesses is not believed by the judge, and in other ways discredits the cause of the defense, it has transcended so far beyond the pale of judicial fairness as to render a new trial necessary. Neither can a plea for the application of the section of the constitution save this situation. The fact that a record shows a defendant to be guilty of a crime does not necessarily determine that there has been no miscarriage of justice. In this case the defendant did not have the fair trial guaranteed to him by law and the constitution."

In 1935, Mr. Justice Wood, in referring to the misconduct of *Judge Burnell* in *People* v. *Earl*, 10 Cal.App.2d 163, 166 [51 P.2d 147], said:

"Appellants vigorously assert that the trial court was guilty of misconduct in his remarks made while defendant Ryan was on the witness stand and in his questions directed to this defendant. The record shows that the trial judge made this statement: 'I have tried to get this witness to speak like a man, but it doesn't seem to do any good. He doesn't seem to want the jury to hear his testimony.' A little later in the record the following questions by the court and answers by the defendant Ryan appear: 'Q. You did tell the truth then occasionally, did you? . . . Q. What was your idea in telling all of those lies? A. I did not know what to say. Q. Did it ever occur to you to tell the truth? A. Yes, I tried to make it look—— Q. How did you happen to be telling all those lies on this particular case? A. I did not know what to say. Everyone was firing questions at me. Q. When people ask you questions is it your custom to lie? A. No, it hasn't been.

Q. This was just a special time; at that particular time you concluded to lie part of the time? A. I did not know what to say. Q. Didn't it ever occur to you to tell the truth? A. I told the truth as much as I knew about it. Q. That is all I wanted to ask you.' The statements made by the court and the questions asked were not proper.''

In 1935, in referring to the misconduct of *Judge Burnell,* Mr. Justice Gould, in *People* v. *Johnson,* 11 Cal.App.2d 22, 23 [52 P.2d 964], said:

''No citation of authority or recitation of principles of judicial decorum is necessary to brand this conduct of the trial court as improper and tending to prejudice defendant's rights. When the court belatedly attempted to remedy his judicial *faux pas* by telling the jury that he did not 'want to be deemed as having made any statement as to the truth or falsity' of the testimony of the witness in question, it is obvious that the wrong done could not be cured.''

In 1935, Mr. Justice Edmonds, in commenting upon the misconduct of *Judge Burnell* in *People* v. *McNeer,* 8 Cal. App.2d 676, 681 [47 P.2d 813], said:

''Under all the circumstances shown by the record in this case, the actions of the trial judge prejudiced the rights of the defendant, requiring a reversal of the judgment.'' The court then quotes with approval from *People* v. *Mahoney, supra.* The quotation is set forth in full above.

In 1942, this court in *People* v. *Williams,* 55 Cal.App.2d 696, 701 [131 P.2d 851], referring to the misconduct of *Judge Burnell,* made the following remarks:

''The foregoing reference to the defendants by the trial judge was unquestionably erroneous. Defendants were presumed to be innocent, and they were entitled to a fair trial and to receive from the jury a verdict uninfluenced by disparaging or abusive remarks from the judge. The statement of the judge, made in the presence of the jury and before the rendition of a verdict, that defendants were not gentlemen and that he could think of a better name for them, could hardly fail to indicate to the jury that the judge was firmly convinced of their guilt. A number of cases have been brought to our attention in which the same trial judge who presided in the instant case also presided, and in which the defendants bitterly complained of the judge's misconduct.''

Fully appreciating Judge Burnell's ability as a lawyer and at the same time recognizing his determination to indulge in conduct unbecoming a judicial officer, and realizing that

anything we may say will have no effect on his future course of action, we make the following comments for the purpose of calling to the attention of the profession the fact that the appellate courts of this state neither condone nor approve such conduct.

The canons of judicial ethics require a judge to be courteous to counsel, temperate, attentive, patient, and not to indulge in individual idiosyncrasies in administering justice. (Canons 5, 10 and 21 of the Canons of Judicial Ethics of The American Bar Association, vol. 62, Reports of The American Bar Association, 1937, pp. 1125, 1126 and 1130.)

Trial judges should bear in mind Socrates' admonition:

"Four things belong to a judge: to hear courteously, to answer wisely, to consider soberly, and to decide impartially."

Also Lord Bacon's comment:

"Judges should be more learned than witty."

By striving to attain the foregoing ideals they will serve more efficiently and at the same time attain greater eminence even though they fail to justify the immortal bard's comical description of a judge:

"In fair round belly, with good capon lin'd,
  With eyes severe, and beard of formal cut,
  Full of wise saws and modern instances . . ."*

Finally, it should constantly be borne in mind that courtesy is not only a privilege which a judge *may* extend to counsel, witnesses, jurors and litigants, but it is a *duty* which he owes to the humblest member of the public.

The trial of a lawsuit is a serious matter, and the courtroom is not the forum in which the buffoon should ascend the bench to display his wares.

Misconduct resulting in the reversal of cases costs the taxpayers large sums of money, is an utter economic waste, and often results in guilty persons escaping justice. (See criminal cases cited, *supra*.)

Judge Burnell's conduct in this case is to be condemned without reservation.

The judgment is reversed.

Moore, P. J., and Wilson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 19, 1948.

---

*Shakespeare's "As You Like It," act 2, scene 7.