[Crim. No. 4848. Second Dist., Div. Two. Oct. 1, 1952.]

## THE PEOPLE, Respondent, v. EDGAR LEE SMITH, Appellant.

Henry C. Huntington for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was convicted by the court sitting without a jury of a violation of section 337a, subdivision 2, of the Penal Code (keeping and occupying a place with papers and paraphernalia for the purpose of recording and registering a bet). He appeals from the ensuing judgment and from the order denying his motion for a new trial.

Defendant was arrested on the morning of November 28, 1951, after he had been under the observation of a police officer for half an hour. During most of this period de-

fendant was behind the counter in what purported to be a storage establishment. An unknown man entered the place and held a short conversation with defendant who opened a newspaper lying on the counter, removing therefrom a scratch sheet for November 28, 1951. Leaning over the counter, the man held a further conversation with defendant, handed defendant what appeared to be currency and left. Some minutes later another man entered. He and defendant went through practically the same motions. After answering the telephone defendant opened the newspaper and appeared to read the scratch sheet. He then went into a café next door where he held a conversation with a man who gave defendant currency. After returning to the storage place a third man came in with whom defendant held a conversation during which defendant opened the newspaper and handed the man the scratch sheet. The man removed a $5.00 and a $1.00 bill from his wallet and placed them on the counter in front of defendant who looked at the scratch sheet, took the currency and appeared to write on the $1.00 bill. At this point defendant was arrested and the currency removed from his hand. In addition to recovering the newspaper with the scratch sheet inside the first page and the bills, the officers took a pink sheet from defendant's pocket, another from a desk in the same room, also a sheet of white graph paper. On each of these sheets there were lines of penciled numerals along with other notations. Several scratch sheets dated November 28, 1951, were found underneath the counter behind which defendant was standing; others with penciled notations on them were found tucked inside the woodwork in the garage in the rear—one of these with writing on it was dated November 27, 1951.

Defendant filled out and signed a card at the jail. A handwriting expert determined that the same person wrote substantial portions of the figures on the white graph paper, on the two pink sheets, and on the card.

Experts in the method of recording bets on horse races in Los Angeles County testified that the figures on the various sheets and on the $1.00 bill represented bets on horse races either on that or the previous day. These sheets also showed the amount owed certain bettors. When bets are recorded on such sheets they are known as betting markers. When the winnings and losses are tabulated they become known as owe sheets. Such sheets are among the usual "papers . . . and paraphernalia" ordinarily used in a bookmaking venture.

The case was tried on the transcript of the testimony taken at the preliminary hearing. The defendant did not testify and no evidence was offered by him.

Defendants contends the judgment is contrary to the evidence and the law, and the court erred in decisions on questions of law arising in the course of the trial.

Defendant argues that since the evidence does "not even raise a suspicion" of his guilt, the conviction cannot stand. In this he is in error. The facts and circumstances herein recited and the inferences that may reasonably be drawn therefrom furnish ample support for the judgment. ██ ██ Furthermore, the defendant failed to avail himself of an opportunity to explain or deny a number of incriminating circumstances about which he could reasonably be expected to know. The court was entitled to consider his failure to do this "as tending to indicate the truth of such evidence and as indicating that among the inferences that may be drawn therefrom, those unfavorable to the defendant are the more probable." (*People* v. *Adamson*, 27 Cal.2d 478, 490-491 [165 P.2d 3].) This serves to fortify the judgment. (*People* v. *Ines*, 90 Cal.App.2d 495, 500 [203 P.2d 540].)

██ Defendant complains of the admission of the exemplar of his handwriting since it was obtained from him without explanation as to its future use, and hence caused him to testify against himself. This objection is fully answered in *People* v. *Gormley*, 64 Cal.App.2d 336, 338 [148 P.2d 687], where it is pointed out that the taking of exemplars of a defendant's handwriting after his arrest does not constitute a violation of his constitutional rights safeguarded by section 13, article I of the Constitution of this state. "He was not compelled to be a witness against himself." (*People* v. *Gormley, supra,* p. 338.)

Error is claimed in the admission in evidence of the currency on the ground that the count under subdivision 4 of section 337a, Penal Code (recording and registering a bet), had been dismissed pursuant to motion under section 995, Penal Code. ██ The fact that one act or series of circumstances does not justify a conviction under one subdivision of section 337a, Penal Code, does not preclude their admissibility if otherwise relevant, on a charge of violating a different subdivision. (*People* v. *Meade,* 109 Cal.App.2d 306, 309 [240 P.2d 680]; *People* v. *Ghio,* 82 Cal.App. 28, 32 [255 P. 205].) Here the passage of the currency and the notations on the $1.00 bill were part of a transaction which the officers

witnessed. ■ These facts shed some light on the nature of the use that was being made of the premises. (*People* v. *Woods*, 35 Cal.2d 504, 510 [218 P.2d 981].) The problem here concerned the weight of this evidence rather than its admissibility.

■ The presence of any bookmaking paraphernalia, betting markers or owe sheets tend to prove the character of the business carried on at the place in question. (*People* v. *Cohen*, 107 Cal.App.2d 334, 344 [237 P.2d 301]; *People* v. *Partee*, 70 Cal.App.2d 736, 739 [161 P.2d 586].) Consequently the white and pink sheets were admissible. These sheets also served to establish defendant's participation in the enterprise since his handwriting was found thereon, and one of them was taken from his person and the other two discovered in a desk in the room.

With respect to the scratch sheet dated November 28, 1951, which was inside the newspaper on the counter and to which defendant referred in the course of his conversations with three unknown men, defendant points out there was no writing of his thereon and that such sheets are easily purchased and not unlawful to possess. That, however, does not make it inadmissible in evidence. The court was entitled to consider its character and the use to which it might be put as having a bearing upon the nature of the business being carried on in the premises. (*People* v. *Vertlieb*, 22 Cal.2d 193, 197 [137 P.2d 437].)

■ The other scratch sheets about which defendant complains were not found, as he says, "in a space that apparently had no connection with the premises occupied by defendant" but were in fact discovered in the garage in the rear of the premises. Also, the writing on one of these sheets was in the same hand as some of the writing on the white owe sheet which was found in the desk. A sufficient connection was thus shown between these scratch sheets found in the garage and the operations in the building to warrant their admissibility in evidence.

Defendant further argues that the court's determination that he was not guilty of violating subdivision 1 of section 337a, Penal Code (poolselling and bookmaking), is inconsistent with the verdict of guilty on the charge of violating subdivision 2 of the section, and "in fact exculpates the defendant from any criminal act whatsoever." ■ *People* v. *Meade, supra*, p. 309, is again pertinent in showing that the acquittal of an alleged violation of one of the subdivisions of

section 337a, Penal Code, does not prevent the facts relating to acts condemned by that subdivision from being used with reference to another subdivision. There is in fact no inconsistency in these verdicts. In order to sustain a conviction under subdivision 2 of section 337a, Penal Code, it is not necessary to show that "any bet was actually made." (*People* v. *Gompertz,* 103 Cal.App.2d 153, 159 [229 P.2d 105].)

 Finally, it is said "the evidence is entirely silent" as to whether the defendant was the proprietor, employee or licensee of the business operated in these premises. Such proof is unnecessary for, as pointed out in *People* v. *Partee, supra,* p. 739, the defendant was charged with "keeping" and "occupying" certain premises. He was not charged as being the proprietor or licensee thereof, nor as an employee therein.

The judgment and order denying the motion for a new trial are affirmed.

Moore, P. J., and McComb, J., concurred.