[Crim. No. 5710. Second Dist., Div. Three. Dec. 27, 1956.]

THE PEOPLE, Respondent, v. JAMES JEFFERSON BRYANT, Appellant.

John H. Marshall for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was convicted of bookmaking (Pen. Code, § 337a, subd. 1) by the court sitting without a jury. He appeals from the judgment and from the order denying his motion for a new trial. He contends first that the evidence is insufficient to support the judgment.

About 10:30 a.m. on November 26, 1955, Deputy Sheriff Lee and other officers observed defendant in front of the Hide Out Café on Whittier Boulevard in Los Angeles County. An elderly gentleman approached defendant and began a conversation with him. Defendant took a National Daily Reporter from his pocket and the two looked at it together. The gentleman then handed defendant a small piece of paper and some money. Defendant put the piece of paper in his right-hand pants pocket and the money in his left-hand pants pocket.

Within 10 minutes thereafter Murray Bane approached defendant and had a conversation with him. Defendant took the National Daily Reporter from his pocket and he and Bane scanned it. Bane took a card from his pocket and they looked at it. Bane put the card back in his shirt pocket and handed defendant some money.

The officers then approached defendant and placed him under arrest. They took the card from Bane's shirt pocket and the small piece of paper and the National Daily Reporter from defendant's hand. The National Daily Reporter was dated November 26, 1955. The card and the small piece of paper were betting markers. Notations on the card referred to a $2.00 win, $2.00 place bet on Gaviota Pass in the third

race to be run that day at Tanforan. Notations on the small piece of paper referred to a $1.00 win, $1.00 place, and $1.00 show bet on Dauber Chickle in the second race and to a $2.00 win, $2.00 place and $2.00 show bet on Turk's Delight in the eighth race, to be run that day at Tanforan.

Bane told Officer Lee in defendant's presence that he had given defendant a $5.00 bill, for which he received $1.00 in change for a $2.00 win, $2.00 place bet on Gaviota Pass. Defendant said he had taken the bet, he intended calling it in to a bookmaker, he had not taken any other bets, and that he did not know how he had the small piece of paper in his possession.

There was evidence in contradiction of the foregoing to the effect that defendant did not see the small piece of paper until it was shown him by the officers, that the money handed him by Bane was in payment of a debt, and that the notations on the small piece of paper and on the card were not in defendant's handwriting.

We think it manifest the evidence is sufficient to support the judgment. (*Cf. People* v. *Meade,* 109 Cal.App.2d 306 [240 P.2d 680] ; *People* v. *Burch,* 118 Cal.App.2d 122 [257 P.2d 44].) Resolution of the conflict in the evidence was for the trial court.

Defendant was also charged with a violation of subdivision 3 of section 337a of the Penal Code, receiving money bet on the result of a horse race. He was found not guilty of that offense. He contends that acquittal of a violation of subdivision 3 prevents the facts relating to acts condemned by that subdivision from being used to convict him of a violation of subdivision 1; in effect, that an acquittal of a violation of subdivision 3 was an acquittal of a violation of subdivision 1. The point is untenable. A verdict of acquittal of one count may not be deemed or held to be an acquittal of any other count. (Pen. Code, § 954.) "Section 337a of the Penal Code contains six subdivisions and is so framed that one set or series of acts might constitute a violation of each or all of said subdivisions. By its provisions the following acts are made felonies: In subdivision 1, book-making or pool-selling; in subdivision 2, occupying a room with book-making paraphernalia for the purpose of recording bets on races; 3, receiving bets on races; 4, recording bets on races; 5, owner permitting room or building to be used for any of the preceding purposes; 6, making or accepting bets on races. Each of

these constitutes a separate offense as if it had been enacted in a separate section of the code." (*People* v. *Ghio,* 82 Cal. App. 28, 32 [255 P. 205].) "[T]he acquittal of an alleged violation of one of the subdivisions of section 337a, Penal Code, does not prevent the facts relating to acts condemned by that subdivision from being used with reference to another subdivision." (*People* v. *Smith,* 113 Cal.App.2d 416, 420 [248 P.2d 444].) (Also see *People* v. *Meade,* 109 Cal.App.2d 306, 309 [240 P.2d 680].)

*People* v. *Coppla,* 100 Cal.App.2d 766 [224 P.2d 828], relied on by defendant, is not in point. The judgment in that case was reversed because the evidence was insufficient.

The judgment and the order denying a new trial are affirmed.

WOOD (Parker), J., concurred.

SHINN, P. J.—I dissent. The evidence was that defendant received money and a slip of paper which indicated that the money was placed as a bet or bets. The acquittal under subdivision 3 means that the court determined that he did not receive a bet on a race. If there was no betting the evidence as to possession of the National Daily Reporter, and what could have been a betting marker if a bet had been made, was meaningless and there was no evidence of bookmaking. I think a reversal is required.

A petition for a rehearing was denied January 11, 1957, and appellant's petition for a hearing by the Supreme Court was denied January 23, 1957. Carter J., and Schauer, J., were of the opinion that the petition should be granted.