[Crim. No. 8583. Second Dist., Div. Three. June 17, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIE ESTRADA AGUILAR, Defendant and Appellant.

Alexander L. Oster for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David M. Rothman, Deputy Attorney General, for Plaintiff and Respondent.

FILES, J.—In separate counts of the information defendant was charged with violation of Penal Code, section 337a, subdivisions 1 (bookmaking), 2 (occupying an enclosure for recording bets), 4 (recording a bet), and 6 (making or accepting a bet). A jury found defendant not guilty of violating subdivision 1 and guilty of the other three counts. The trial court suspended proceedings and placed defendant on

probation for one year, conditioned upon payment of a $150 fine. Defendant appeals from the order granting probation.

■ Beyond question the evidence is sufficient. Deputy Sheriff Mardiros received information which led him to believe that a bookmaker was using the telephone number Ludlow 1-6418. At the sheriff's request the telephone company supplied the street address of the residence where that telephone was located. Deputy Mardiros and four other deputies went to the vicinity of the house. From a nearby public telephone Deputy Mardiros telephoned Ludlow 1-6418 and placed bets on horse races. After the party answering had accepted the first bet, Officer Mardiros signaled to the other deputies. The others ran to the door of the house, knocked, and shouted, ''Sheriff's Department,'' two times. There was no response so the officers forced the door. As they entered they saw defendant seated at a table with a telephone receiver in his hand. On the table were a National Daily Reporter, the racing section of the Los Angeles Herald Express, and several other papers which were later identified as betting markers. One of the officers took the telephone instrument and spoke to Officer Mardiros, who was still on the line. On the margin of the newspaper appeared notations of the bets which Officer Mardiros had made over the telephone. Defendant admitted to the officers that the notations were in his handwriting, and ''he had only been doing this a short time and that he had, I believe he stated, 15 or so bettors and that he bankrolled his own action. . . .''

At the trial defendant took the witness stand and testified concerning the manner in which the officers had broken into the house. He did not deny that he had accepted and recorded the wager, nor did he deny the admissions to which the officers testified.

■ The forced entry into the house and the subsequent arrest were not illegal. (*People* v. *Preston,* 160 Cal.App.2d 545 [325 P.2d 523].) At the time of their entry the officers had knowledge that defendant had committed a felony. They had good reason to believe that unless apprehended, defendant would continue to commit similar offenses, and that if there was any delay in entering after defendant learned he had been discovered, the evidence would probably be destroyed.

■ Defendant contends that since the jury acquitted him under the count charging bookmaking, he cannot be convicted of recording or accepting bets under the other counts. In order to decide this case it is unnecessary to contribute more

to the conflicting literature upon the subject of inconsistent verdicts. Compare the reasoning of *In re Johnston,* 3 Cal.2d 32, 36 [43 P.2d 541]; *People* v. *Robinson,* 43 Cal.2d 132, 138 [271 P.2d 865]; and *People* v. *Tophia,* 167 Cal.App.2d 39, 43-44 [334 P.2d 133], with the language found in *People* v. *Amick,* 20 Cal.2d 247 [125 P.2d 25]; *People* v. *Goldstein,* 158 Cal.App.2d 86, 89 [322 P.2d 253]; and *People* v. *Bryant,* 147 Cal.App.2d 259 [305 P.2d 88].

The verdicts here are not necessarily inconsistent. In *People* v. *Plath,* 166 Cal. 227 [135 P. 954], the Supreme Court pointed out that each subdivision of Penal Code, section 337a, relates to a separate and distinct offense. The court said at page 231:

"There is, of course, a plain distinction between 'pool-selling or bookmaking,' and the ordinary bet or wager between two individuals upon the result, say, of a horse race or a base-ball game. Subdivision 1 makes the engaging in pool-selling or bookmaking a crime, and subdivision 6 apparently makes the ordinary bet or wager above referred to a crime."

In the present case the jury could logically have concluded that the People had proved the making and recording of an "ordinary bet," but they were not satisfied beyond a reasonable doubt that defendant was engaging in bookmaking within the meaning of subdivision 1.

In support of his motion for a new trial defendant's counsel filed a declaration stating that while the jury was deliberating the bailiff had entered the jury room upon two occasions, and that counsel was later informed by one of the jurors that on one of these occasions further instructions had been furnished to the jury by the court through the bailiff. Defendant and his counsel had no knowledge of these proceedings at the time.

When the motion for new trial was argued defendant's attorney again asserted that the court had sent instructions to the jury through the bailiff without the knowledge of counsel. The judge made no denial. Instead, he asserted that he had the right to communicate with the jury through the bailiff. This record can only be read as a tacit admission by the trial judge that he did so instruct the jury.

It is clearly improper for the trial judge to instruct the jury through the agency of the bailiff. (*People* v. *Weatherford,* 27 Cal.2d 401, 417 [164 P.2d 753]; *People* v. *Rodriquez,* 213 Cal.App.2d 555, 560 [29 Cal.Rptr. 83]; cf. *Paulson* v. *Superior Court,* 58 Cal.2d 1, 7 [22 Cal.Rptr. 649, 372 P.2d 641].)

The *Rodriquez* case points out that the error may be prejudicial even though the instruction given is a correct statement of law. Defendant's counsel may desire, in the light of the jury's inquiry, to request further clarifying instructions.

However, where the record fails to show any prejudice, a judgment need not be reversed on account of such an unauthorized communication. (*People* v. *Alcalde,* 24 Cal.2d 177, 188 [148 P.2d 627]; *People* v. *Woods,* 35 Cal.2d 504, 512 [218 P.2d 981]; *People* v. *Fiore,* 176 Cal.App.2d 536, 540 [1 Cal. Rptr. 351]; see *People* v. *Weatherford, supra.*) Here the record contains no intimation of what inquiry the jury sent to the judge or what message was sent back. Defendant's counsel could readily have offered proof on this subject by calling the bailiff as his witness, or by asking the trial judge to state for the record the substance of the communication. Counsel did neither. It appears from the declaration that counsel had discussed the matter with a juror after the trial and doubtless he had learned what the message had been. It is fair to infer that he would have proved what the instruction was if he had deemed that helpful to his case. Defendant's failure to offer any evidence as to the contents of the communication justifies the application of the familiar rule that prejudice will not be presumed.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 14, 1963.